## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GURPAL SINGH, Administrator Ad
Prosequendum of decedent Ranjit Singh, and
GURPAL SINGH and KULWINDER KAUR as
Parents of Ranjit Singh,
319 Mercer Street,
Phillipsburg, N.J. 08865

      Plaintiff,

vs.

SOUTH ASIAN SOCIETY OF THE GEORGE
WASHINGTON UNIVERSITY,
2121 Eye Street, N.W.
Washington, D.C. 20052

  -And-

THE GEORGE WASHINGTON UNIVERSITY,
2121 Eye Street, N.W.
Washington, D.C. 20052

  -And-

DOE SECURITY (unknown)

      Defendants

Case No.

**NOTICE OF REMOVAL**
**OF A CIVIL ACTION**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA:

Pursuant to 28 U.S.C. § 1446, removing Defendants, South Asian Society of The George Washington University, and The George Washinton University, (hereinafter collectively referred to as "Defendants"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1332 and 1441, and states the following grounds for removal:

1.  An action was instituted by Gurpal Signh and Kulwinder Kaur, as Administrator and parents of the decedent estate of Ranjit Singh (hereinafter "Plaintiff") in the Superior Court for the District of Columbia (hereinafter referred to as the "State Action"), and is now pending therein. (Civil Action No. 0001317-06). A true and correct copy of the Complaint filed in the State Action is attached hereto as Exhibit "1".

2.  The George Washington University is a Congressionally chartered private university operating in the District of Columbia with its principal place of business located at 2121 Eye Street, N.W., Washington, D.C. 20052. (Exhibit "1", Complaint, Caption, ¶ 5). The South Asian Society of The George Washington University is alleged to be a non-profit organization of students of The George Washington University, also operating in the District of Columbia at 2121 Eye Street, N.W., Washington, D.C. 20052. Id. at ¶ 4. For purposes of diversity jurisdiction, removing Defendants are therefore citizens of the District of Columbia.

3.  The remaining Defendant is an unspecified security company dubbed "Doe Security" by Plaintiff and is also alleged to operate in the District of Columbia. (Exhibit "1", Complaint, Caption, ¶ 6).

4.  Plaintiff is the father and appointed Administrator Ad Prosequendum of Ranjit Signh, deceased, and alleges to be authorized by the law of the State of New Jersey to bring action on behalf of the estate of Ranjit Singh. (Exhibit "1", Complaint, Caption, ¶ 3). As Plaintiff is alleged to reside in the State of New Jersey, removal is appropriate to the United States District Court for the District of Columbia.

5. On or about March 10, 2006, Plaintiff accomplished service on the removing Defendants.

6. There have been no proceedings in the State Action. The removing Defendants have not served any answer or responsive pleading to Plaintiff's Complaint or made any appearance or argument before the Superior Court for the District of Columbia.

7. This Court has original jurisdiction of the above-captioned action pursuant to 28 U.S.C. § 1332, since there is complete diversity of citizenship of the named parties, and the amount in controversy as claimed in the Complaint is collectively more than six million dollars, in excess of the jurisdictional requirements of this Court. (Complaint, prayer for relief, Counts 1-3). As such, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

8. The removing Defendants submit this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pleaded claims upon which relief can be granted.

9. This Notice is filed with this Court within thirty (30) days after receipt by removing Defendants of a copy of the Summons and Complaint upon which the State Action is based and before any proceedings were had thereupon in the Superior Court for the District of Columbia.

10. Removing Defendants are filing, contemporaneously with this Notice of Removal, a Notice of Filing Notice of Removal with the Clerk of the Superior Court for the District of Columbia and a copy of this Notice of Removal. Removing Defendants are also contemporaneously giving written notice of this Notice of Removal to Plaintiff.

11.  WHEREFORE, the removing Defendants request that the State Action be removed from the Superior Court for the District of Columbia.

                        DEFENDANTS,
                        THE GEORGE WASHINGTON UNIVERSITY,
                        SOUTH ASIAN SOCIETY OF THE GEORGE
                        WASHINGTON UNIVERSITY

By: _____
      Karen A. Khan
      D.C. Bar No. 455297
      KHAN ROMBERGER PLLC
      1025 Connecticut Avenue, N.W.
      Suite 1000
      Washington, D.C. 20036
      (202) 828-1243

Dated: __March 29, 2006__

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March, 2006, a copy of the foregoing Notice was mailed, first class mail, postage prepaid, to:

Geoffrey D. Allen
1130 Seventeenth Street, N.W.
Washington, D.C. 20009
**Counsel for Plaintiff**

By: _____
Karen A. Khan

5

**EXHIBIT 1**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| Gurpal Singh, as <br> Administrator Ad Prosequendum <br> of decedent Ranjit Singh. <br> And Gurpal Singh and Kulwinder <br> Kaur as Parents of Ranjit Singh <br> 319 Mercer St., <br> Phillipsburg, N.J.  08865 <br><br>      Plaintiffs <br><br>           v. <br><br> South Asian Society of The George Washington University <br> 2121 Eye Street, N.W. <br> Washington, D.C. 20052 <br><br><br> And, <br><br> George Washington University <br> 2121 Eye Street, N.W. <br> Washington, D.C. 20052 <br><br>      And <br><br> Doe Security <br> A presently unknown Security Co. <br><br><br>      Defendants. | 0001317-06 <br><br> Civil Action No. <br> Calendar <br> Judge <br><br> RECEIVED <br> Civil Clerk's Office <br><br> FEB 23 2006 <br><br> Superior Court of the <br> District of Columbia |

- 1 -

# COMPLAINT

## I. Jurisdiction

1. This action is brought pursuant to the common law of the District of Columbia. Jurisdiction is founded upon the D.C. Code §11-921, 12-101 and 16-2701.

## II. Parties

3. Plaintiff, Gurpal Singh is the father and the duly appointed Administrator Ad Prosequendum of Ranjit Singh, having been appointed by the Surrogate's Court of Warren County in the state of New Jersey on December 13, 2005. As such he authorized by New Jersey law to bring this action on behalf of the Estate of Ranjit Singh.

4. Defendant, South Asian Society of the George Washington University (hereinafter, "SAS") is a non-profit organization of George Washington University students, that was established to maintain and promote South Asian culture.

5. Defendant, George Washington University (hereinafter, "GWU") is a private university which operates in the District of Columbia.

6. Defendant, Doe Security is a security company which operated in the District of Columbia on or about March 27, 2005. Its true name and address are currently unknown.

7. SAS and GWU jointly organized, promoted and funded, an annual event known as the "Bhangra Blowout." Bhangra is is a traditional style of music and dance originating from the Indian sub-continent. The "Bhangra Blowout" is a festival in which top

- 2 -

university teams from around the world take the stage each year to compete for cash prizes. In 2005 it had several components, including a party at the end of the contest which was held at the Old Post Office pavilion located at 1100 Pennsylvania Ave NW, Washington, DC 20004. This event was attended by approximately 1,250 persons. Alcohol was served to patrons over the age of twenty one. The event began at 7.00 p.m. on March 26, 2005 and was supposed to continue until 3.00 a.m. the next morning, but it appears that the event was shut down at around 2.00 a.m. in the middle of a performance.

8. Ranjit Singh and several of his friends traveled from the Phillipsburg, New Jersey area on March 27, 2005 to attend the party at the Post Office Pavilion. About forty five minutes before the event ended, a member of Ranjit Singh's group became involved in a dispute with another male patron. Some shoving and pushing may have occurred but eventually, the parties involved calmed down and actually shook hands. No security guards intervened in this incident and Ranjit Singh was not involved. After the party was ended Ranjit Singh left the event through a side exit. Several of his friends had already left through the same exit just before him. As Singh's friends were on the top of some steps which led down to the sidewalk, but still on Post Office Pavilion property, they were approached by an individual they had seen earlier inside the building and whom it is believed was a friend of the other party involved in the dispute which had occurred inside the building. He was talking unintelligibly, had an unsteady gait and was making fists and gesticulating in an angry manner. They managed to disengage from him without incident and began to walk down the street. As Ranjit Singh followed his friends onto to the steps, the same individual approached him and again began to act in a very agitated manner. He was talking loudly and in an aggressive manner. Ranjit Singh walked down the steps and onto the sidewalk where he was attacked by this individual

and suffered a stab wound to his chest which severed his left axillary artery. The attack occurred approximately ten feet from the bottom of the steps. Ranjit Singh was taken to George Washington University Hospital where he was pronounced dead at 3.20 a.m. on March 27, 2005. The identity of the assailant is unknown.

9. Upon information and belief, there had been a number of assaults at this event in previous years. In an effort to control the number of such incidents, attendance in 2005 was reduced and security was increased inside the building. However, no security guards were present at the exits after the event was shut down. The lighting was poor and the top of the steps where these events began, contained areas to the side of the steps, where it was easy to wait for persons leaving the event.

### COUNT ONE

(Negligence - Failure To Provide Security)

10. Plaintiff hereby incorporates paragraphs 1 through 9, *supra*, by reference.

11. Defendants, failed to provide a reasonable level of security to persons exiting the event at the Old Office Pavillion on March 27, 2005. In particular, they failed to station security guards at the exits to help ensure that the persons leaving the event were able to do so in an orderly and peaceful manner.

- 4 -

12. Defendant knew or should have known that, due to its lack of security measures, it was reasonably foreseeable that patrons leaving this event, including plaintiff could be assaulted and injured.

13. As a direct and proximate result of the above-described negligence, plaintiff was assaulted with a knife. He suffered grave bodily injury and death. He experienced bodily pain and mental anguish. He suffered pecuniary loss, including, but not limited to, hospital and medical expenses and loss of future earnings.

WHEREFORE, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $2,000,000 (Two Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

### COUNT TWO

(Negligent Selection, Retention and Supervision of Security Provider)

14. Plaintiff hereby incorporates paragraphs 1 through 13, *supra*, by reference.

15. Defendants negligently selected, retained and supervised the entity which provided security services at this event.

16. As a direct and proximate result of the above-described negligence, plaintiff was assaulted with a knife. He suffered grave bodily injury leading to death. He experienced bodily pain and mental anguish, and he suffered pecuniary loss, including, but not limited to, hospital and medical expenses and loss of future earnings.

WHEREFORE, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $2,000,000 (Two Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

## COUNT THREE

### (Wrongful Death)

17. Plaintiff hereby incorporates paragraphs 1 through 16, supra, by reference.

18. As a direct and proximate result of the above-described negligence, decedent Ranjit Singh died on March 27, 2004. There were no intervening or superseding causes contributing to his death.

34. As a direct and proximate result of the above-described negligence and the ensuing death of Sanjit Singh, his mother, Kulwinder Kaur, and his father, Gurpal Singh, suffered the loss of the decedent's future earnings, services and assistance, and other pecuniary benefit which they would have derived had the decedent survived.

WHEREFORE, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $2,000,000 (Two Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

By: _____
Geoffrey D. Allen
D.C. Bar No. 288142
1130 Seventeenth St. N.W.
Washington, DC 20009

(202) 797-8200
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands trial by jury as to all counts herein.

_____
Geoffrey D. Allen

- 7 -