## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GURPAL SINGH, Administrator of decedent RANJIT SINGH, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| vs. | ) ) ) | |
| SOUTH ASIAN SOCIETY OF THE GEORGE WASHINGTON UNIVERSITY, THE GEORGE WASHINGTON UNIVERSITY, and DOE SECURITY | ) ) ) ) ) | Next Scheduled Event: N/A |
| Defendants. | ) ) | |

### MOTION TO DISMISS

Defendants, The George Washington University, and the South Asian Society of the George Washington University (hereinafter "Defendants"), by and through their undersigned attorneys, hereby move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's claims.  For the reasons set forth in the attached Memorandum of Points and Authorities, Plaintiff's complaint fails to state claims upon which relief can be granted as a matter of law.

Respectfully submitted,

**KHAN ROMBERGER PLLC**

/s/

By:_____

Karen A. Khan
D.C. Bar No. 455297
1025 Connecticut Ave., N.W.
Suite 1000
Washington, D.C. 20036
(202) 828-1243
ATTORNEYS FOR DEFENDANTS

Date:__March 29, 2006__

## COUNSEL CONFERENCE

As the present motion is dispositive in nature, the parties are not required to meet and confer.  Nevertheless, Counsel for Plaintiff has been informed of the intended filing of this motion, but has been unable to respond as to whether consent will be given at this time.

Respectfully submitted,

**KHAN ROMBERGER PLLC**

/s/

By:_____

Karen A. Khan
D.C. Bar No. 455297
1025 Connecticut Ave., N.W.
Suite 1000
Washington, D.C. 20036
(202) 828-1243
ATTORNEYS FOR DEFENDANTS

Date:  March 29, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GURPAL SINGH, Administrator of decedent<br>RANJIT SINGH, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| vs. | ) | |
| | ) | |
| SOUTH ASIAN SOCIETY OF THE GEORGE | ) | |
| WASHINGTON UNIVERSITY, THE GEORGE | ) | Next Scheduled Event: N/A |
| WASHINGTON UNIVERSITY, and DOE | ) | |
| SECURITY | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**BACKGROUND**

Ranjit Singh was tragically killed one year ago – on March 27, 2005– on the streets of the

District of Columbia stemming from a criminal attack by an unknown assailant who approached him

after he left an event known as the "Bhangra Blowout," an annual Indian festival held on the grounds

of the Old Post Office Pavilion, a property owned by the federal government. The event was hosted

by The George Washington University and one of its' student groups– the South Asian Society.

It is undisputed that the criminal attack at issue occurred *off* the premises and *after* Mr. Singh

had left the event. Despite this, Mr. Singh's father – acting as administrator of his son's estate– now

brings a misguided wrongful death and negligence suit against the student group and the University

seeking more than six million dollars in damages, claiming that they – and not the criminal who

stabbed his son– are somehow responsible for his death because of alleged inadequate security.

3

While Mr. Singh is understandably distraught over his son's passing, the Complaint – which is quite detailed as to the events of that night – makes clear that even assuming all pled allegations are true, neither the University nor the student group owed a duty to protect against unforseen third-party criminal acts, and they certainly owed no duty to protect him from an assault occurring off the premises of the event. In terms of forseeability, Plaintiff similarly can forecast no basis to hold the moving Defendants liable for alleged inadequate lighting and other premises issues for a property owned by the federal government. Under these facts, no claim can lie against Defendants as a matter of law, and the claims must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## STANDARD

In determining a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the factual allegations in the Plaintiffs complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 104 S.Ct. 229, 81 L.Ed.2d 59 (1984); Higashi v. Shifflet, 195 F.2d 784 (D.C. Cir. 1952). A motion to dismiss under Fed.R.Civ.P. 12(b)(6) should be granted where it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Although a complaint need only set forth a short and plain statement of the claim, it is possible for a plaintiff "to plead himself out of court by alleging facts that render success on the merits impossible." Nwachukwu v. Rooney, 362 F.Supp.2d 183 (D.D.C. 2005). Such is the case at hand.

## ARGUMENT

## SINGH'S HAS FAILED TO PLEAD NEGLIGENCE AND WRONGFUL DEATH CLAIMS UPON WHICH RELIEF CAN BE GRANTED AS A MATTER OF LAW

A.    Defendants' Owed No Duty to Protect Singh From Criminal Conduct Occurring Outside of the Event.

The first element in any common law negligence action is the establishment of a duty of care. Smith v. District of Columbia, 367 U.S. App.D.C. 86, 413 F.3d 86 (D.C. Cir. 2005). It is well settled that the determination of whether a legal duty exists is a question of law. Zhou v. Jennifer Mall Restaurant, 534 A.2d 1268, 1274 (D.C. 1987). In this case, Singh's claims primarily fail for the simple fact that neither the University nor the student group who is alleged to have sponsored the Bhangra Blowout owed him a duty to protect against criminal conduct occurring outside of the event premises and on the streets of the District. It has long been the general rule in this jurisdiction that absent a special relationship, a private person or entity does not have a duty to protect another from a criminal attack by a third person. Doe v. Dominion Bank, N.A., 295 U.S.App.D.C. 385, 963 F.2d 1552 (D.C. Cir. 1992)(citations omitted).

Given the allegations of negligent failure to provide adequate security and negligent selection of security personnel, one might expect that the crime itself occurred during the festival, on the premises of the event, or even that the attacker was a student or employee at the event with a background of dangerous or criminal propensities which the Defendants should have been aware, thereby giving rise to a legal duty of care. This, however, is not the case. To the contrary, Mr. Singh's attacker was an "unknown" assailant who committed the crime "after the party was ended"

5

and after Mr. Singh "left the event." (Complaint, ¶ 8). More importantly, the attack itself took place off the event premises – or as noted in the Complaint– on "the sidewalk."[1] Hence, even if an invitee relationship existed between the Defendants and Mr. Singh during the event, any such duty which may have existed as a result of his attendance ended when he exited the grounds. While Plaintiff attempts to sidestep this fatal admission by asserting that the attack took place near the steps of the building where the event was hosted, the fact remains that neither of the Defendants had control, let alone exclusive control, over a public sidewalk in the streets of the District where the fatal stabbing took place. *See e.g.*, Doe, 963 F.2d at 1558-1559 (even in a landlord-tenant relationship, the duty to exercise reasonable care extends only to areas "exclusively within the landlord's control")(citations omitted).

Without even reaching the merits of the alleged security failures asserted by Plaintiff, the Defendants cannot plausibly be expected to police against off-premises conduct. Put simply, Defendants are no more responsible for the acts which led to Mr. Singh's death than the District of Columbia Metropolitan Police Department would be for a crime committed anywhere in the District. While it is understandable that Mr. Singh's parents wish to affix blame for their son's tragic death, there is no basis for holding Defendants legally responsible for what occurred on this date, and this lawsuit should be dismissed for failure to state upon which relief can be granted as a matter of law.

---

[1]    This Court can take judicial notice that the Old Post Office Pavilion is property of the federal government.

B.    Plaintiff Cannot Establish a "Heightened Standard of Forseeability" Under the
Facts of this Case

Even if the Plaintiff could establish that Defendants somehow owed a legal duty of protective
care after he left the event, these claims still fail for lack of forseeability. It is well settled that under
a negligence analysis, one has a duty to guard against only forseeable risks. Doe v. Dominion Bank
of Washington, 295 U.S. App. D.C. 385, 963 F.2d 1552, 1560 (D.C. Cir. 1992). Furthermore, the
District of Columbia imposes a "heightened standard" of forseeability on plaintiffs seeking to hold
entities responsible for injuries resulting from a criminal act. Id. *See also* Lacy v. District of
Columbia, 424 A.2d 317, 323 (D.C. 1980)("[B]ecause of the extraordinary nature of criminal
conduct, the law requires that the forseeability of the risk be more precisely shown").

The facts which serve as the basis for imputing knowledge of a forseeable criminal attack
upon the University and its student group are so woefully deficient as to border on frivolous. Giving
Plaintiff the benefit of all inferences and accepting the pled facts as true, there is still no basis upon
which Defendants could have forseen the attack which led to Mr. Singh's death. According to the
Complaint, the Bhangra Blowout is an annual competitive event in which university teams from
around the world gather to compete against one another on-stage for cash prizes. (Complaint, ¶ 7).
Following the competition, there is a party for attendees and alcohol is available for those of legal
age. Id. Plaintiff asserts that "upon information and belief," there have been assaults at the event in
prior years, and that on the night in question, one of Mr. Singh's friends and another male attendee
had a dispute during the event which involved pushing and shoving before they calmed down and
resolved the matter by shaking hands. (¶¶ 8, 9). Mr. Singh was not involved in the dispute. (¶ 8).

7

After leaving the event, Plaintiff alleges that several of Mr. Singh's friends were approached by an individual who was talking unintelligibly, making fists, and gesticulating in an angry manner. Id. While his friends were able to disengage from this individual, the complaint alleges that as Ranjit Singh followed his friends out to the steps, the same individual approached him and began to act in a very agitated manner. Ranjit Singh walked down the steps and onto the sidewalk where he was attacked and suffered a stab wound to his chest which led to his death. Id. These allegations fail as a matter of law.

As noted above, these facts – even if true– cannot serve as the basis for imputing forseeability upon the Defendants under any stretch of the imagination. There is no allegation that the assailant – who is unknown– was an employee, student, or for that matter – even an attendee at the event. At most, Plaintiff *suspects* that the assailant was a friend of the male patron who was involved in the shoving match with one of Mr. Singh's group. In short, there is no connection to the event itself. More importantly, while Plaintiff is attempting to advance a theory that by serving alcohol, the Defendants increased the likelihood of mischief and assaults at the event, there is no suggestion that serving alcohol or past disputes during the event would somehow contribute– let alone place Defendants on notice of dangerous criminals lurking in the streets surrounding the event. The test is whether there is evidence which gave Defendants an "increased awareness" of the danger of such a particular criminal act which befell Mr. Singh. Dominion Bank, 963 F.2d at 1560. Given the facts of this case, there is no basis upon which to meet this standard. As to Plaintiff's suggestion that the lighting system at the building was poor, this is an issue for the owner of the property – the

8

federal government– not the Defendants herein.

Finally, it cannot be stressed enough that the attack which led to Mr. Singh's death took place on the streets of the District, not at the event. Almost all decisions in the District which consider the forseeability of criminal conduct assess factors relating to the condition of the premises, such as malfunctioning security systems, broken doors, or other evidence making it more or less forseeable that an intruder, trespasser, or criminal could *enter* the premises and commit a criminal act. *See e.g.*, District of Columbia v. Doe, 524 A.2d 30, 34 (D.C. 1987)(open gates, broken doors, malfunctioning intercom could be viewed as increasing danger from "*intruders*")(emphasis added); Spar v. Obwoya, 369 A.2d 173, 177 (D.C. 1977)(continuing failure of entry area to keep out "*unauthorized persons*")(emphasis added). In this case, however, the attack took place outside the building where the event was held. As such, there is no basis for inferring an awareness of the possibility of an attack, let alone a heightened awareness as required for establishing forseeability, and the claims must be dismissed on this additional ground.

## CONCLUSION

For the foregoing reasons, Singh's Complaint fails to state claims upon which relief can be granted as a matter of law, and the Defendants respectfully requests that the Complaint be dismissed, with prejudice.

Respectfully submitted,

**KHAN ROMBERGER PLLC**

/s/

By:_____

Karen A. Khan
D.C. Bar No. 455297
1025 Connecticut Ave., N.W.
Suite 1000
Washington, D.C. 20036
(202) 828-1243
ATTORNEYS FOR DEFENDANTS

Date:___March 29, 2006___

10

**<u>EXHIBIT 1</u>**

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## Civil Division

| | |
|---|---|
| Gurpal Singh, as | : |
| Administrator Ad Prosequendum | : |
| of decedent Ranjit Singh. | : |
| And Gurpal Singh and Kulwinder | : |
| Kaur as Parents of Ranjit Singh | : |
| 319 Mercer St., | : |
| Phillipsburg, N.J.  08865 | : |
| | : |
| **Plaintiffs** | : |
| | : |
| v. | : |
| | : |
| | : |
| South Asian Society of The George | : |
| Washington University | : |
| 2121 Eye Street, N.W. | : |
| Washington, D.C. 20052 | : |
| | : |
| | : |
| And, | : |
| | : |
| George Washington University | : |
| 2121 Eye Street, N.W. | : |
| Washington, D.C. 20052 | : |
| | : |
| | : |
| **And** | : |
| | : |
| Doe Security | : |
| A presently unknown Security Co. | : |
| | : |
| | : |
| | : |
| **Defendants.** | : |

0001317-06

Civil Action No.
Calendar
Judge

RECEIVED
Civil Clerks Office

FEB 23 2006

Superior Court of the
District of Columbia

- 1 -

## COMPLAINT

### I. Jurisdiction

1.     This action is brought pursuant to the common law of the District of Columbia. Jurisdiction is founded upon the D.C. Code §11-921, 12-101 and 16-2701.

### II. Parties

3.     Plaintiff, Gurpal Singh is the father and the duly appointed Administrator Ad Prosequendum of Ranjit Singh, having been appointed by the Surrogate's Court of Warren County in the state of New Jersey on December 13, 2005. As such he authorized by New Jersey law to bring this action on behalf of the Estate of Ranjit Singh.

4.     Defendant, South Asian Society of the George Washington University (hereinafter, "SAS") is a non-profit organization of George Washington University students, that was established to maintain and promote South Asian culture.

5     Defendant, George Washington University (hereinafter, "GWU") is a private university which operates in the District of Columbia

6.     Defendant, Doe Security is a security company which operated in the District of Columbia on or about March 27, 2005. Its true name and address are currently unknown.

7.     SAS and GWU jointly organized, promoted and funded, an annual event known as the "Bhangra Blowout." Bhangra is is a traditional style of music and dance originating from the Indian sub-continent. The "Bhangra Blowout" is a festival in which top

university teams from around the world take the stage each year to compete for cash prizes. In 2005 it had several components, including a party at the end of the contest which was held at the Old Post Office pavilion located at 1100 Pennsylvania Ave NW, Washington, DC 20004. This event was attended by approximately 1,250 persons. Alcohol was served to patrons over the age of twenty one. The event began at 7.00 p.m. on March 26, 2005 and was supposed to continue until 3.00 a.m. the next morning, but it appears that the event was shut down at around 2.00 a.m. in the middle of a performance.

8. Ranjit Singh and several of his friends traveled from the Phillipsburg, New Jersey area on March 27, 2005 to attend the party at the Post Office Pavilion. About forty five minutes before the event ended, a member of Ranjit Singh's group became involved in a dispute with another male patron. Some shoving and pushing may have occurred but eventually, the parties involved calmed down and actually shook hands. No security guards intervened in this incident and Ranjit Singh was not involved. After the party was ended Ranjit Singh left the event through a side exit. Several of his friends had already left through the same exit just before him. As Singh's friends were on the top of some steps which led down to the sidewalk, but still on Post Office Pavilion property, they were approached by an individual they had seen earlier inside the building and whom it is believed was a friend of the other party involved in the dispute which had occurred inside the building. He was talking unintelligibly, had an unsteady gait and was making fists and gesticulating in an angry manner. They managed to disengage from him without incident and began to walk down the street. As Ranjit Singh followed his friends onto to the steps, the same individual approached him and again began to act in a very agitated manner. He was talking loudly and in an aggressive manner. Ranjit Singh walked down the steps and onto the sidewalk where he was attacked by this individual

- 3 -

and suffered a stab wound to his chest which severed his left axillary artery. The attack occurred approximately ten feet from the bottom of the steps. Ranjit Singh was taken to George Washington University Hospital where he was pronounced dead at 3.20 a.m. on March 27, 2005. The identity of the assailant is unknown.

9. Upon information and belief, there had been a number of assaults at this event in previous years. In an effort to control the number of such incidents, attendance in 2005 was reduced and security was increased inside the building. However, no security guards were present at the exits after the event was shut down. The lighting was poor and the top of the steps where these events began, contained areas to the side of the steps, where it was easy to wait for persons leaving the event.

# COUNT ONE

## (Negligence - Failure To Provide Security)

10. Plaintiff hereby incorporates paragraphs 1 through 9, *supra*, by reference.

11. Defendants, failed to provide a reasonable level of security to persons exiting the event at the Old Office Pavillion on March 27, 2005. In particular, they failed to station security guards at the exits to help ensure that the persons leaving the event were able to do so in an orderly and peaceful manner.

- 4 -

12. Defendant knew or should have known that, due to its lack of security measures, it was reasonably foreseeable that patrons leaving this event, including plaintiff could be assaulted and injured.

13. As a direct and proximate result of the above-described negligence, plaintiff was assaulted with a knife. He suffered grave bodily injury and death. He experienced bodily pain and mental anguish. He suffered pecuniary loss, including, but not limited to, hospital and medical expenses and loss of future earnings.

WHEREFORE, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $2,000,000 (Two Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

## COUNT TWO

(Negligent Selection, Retention and Supervision of Security Provider)

14. Plaintiff hereby incorporates paragraphs 1 through 13, *supra*, by reference.

15. Defendants negligently selected, retained and supervised the entity which provided security services at this event.

16. As a direct and proximate result of the above-described negligence, plaintiff was assaulted with a knife. He suffered grave bodily injury leading to death. He experienced bodily pain and mental anguish, and he suffered pecuniary loss, including, but not limited to, hospital and medical expenses and loss of future earnings.

- 5 -

WHEREFORE, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $2,000,000 (Two Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

## COUNT THREE

### (Wrongful Death)

17. Plaintiff hereby incorporates paragraphs 1 through 16, supra, by reference.

18. As a direct and proximate result of the above-described negligence, decedent Ranjit Singh died on March 27, 2004. There were no intervening or superseding causes contributing to his death.

34. As a direct and proximate result of the above-described negligence and the ensuing death of Sanjit Singh , his mother, Kulwinder Kaur, and his father, Gurpal Singh, suffered the loss of the decedent's future earnings, services and assistance, and other pecuniary benefit which they would have derived had the decedent survived.

WHEREFORE, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $2,000,000 (Two Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

By: _____
Geoffrey D. Allen
D.C. Bar No. 288142
1130 Seventeenth St. N.W.
Washington, DC  20009

- 6 -

(202) 797-8200
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands trial by jury as to all counts herein.

Geoffrey D. Allen