**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GURPAL SINGH, Administrator of decedent RANJIT SINGH, | ) ) ) |
| Plaintiff, | ) Civil Action No. 06-0574 (RMC) ) |
| vs. | ) ) |
| SOUTH ASIAN SOCIETY OF THE GEORGE WASHINGTON UNIVERSITY, THE GEORGE WASHINGTON UNIVERSITY, and DOE SECURITY | ) ) Next Scheduled Event: N/A ) ) |
| Defendants. | ) ) |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants, The George Washington University, and the South Asian Society of the George Washington University (hereinafter "Defendants"), by and through their undersigned attorneys, hereby file this very brief reply in support of the pending motion to dismiss, by stating as follows:

I.

The fact remains that Plaintiff has pled no facts in the Complaint which give rise to a duty of care on behalf of the University or its' student society, let alone a basis for finding of heightened forseeability necessary to affix liability for third party criminal acts. It is undisputed that the attack in this case occurred in the streets of the District. Plaintiff's newly contrived "safe exit" argument is an anathema to the well settled precept that business or landowner cannot be responsible for third

party acts not occurring on premises it neither owns nor controls.[1] *See e.g.,* Doe v. Dominion Bank, N.A., 295 U.S.App.D.C. 385, 963 F.2d 1552, 1559 (D.C. Cir. 1992)(duty to exercise reasonable care extends only to areas "exclusively within the landlord's control"); Schwartz v. Port Authority Transit Corp., 702 A.2d 1351 (N.J. Super. 1997)(transit system's duty of care does not extend to concourse which is patrolled by the city); Kline v. 1500 Massachusetts Ave., 439 F.2d 477 (D.C. Cir. 1970)(landlord is not expected to provide protection commonly owed by a municipal police department).  Moreover, it should not be lost on the Court that Plaintiff's theory is premised upon a showing of dangerous conditions during the event which should have caused the defendants to protect against drunken and potentially violent *attendees* from causing further trouble at the end of the event, which is simply not supported by the facts alleged in the Complaint.  Even giving Plaintiff the benefit of all inferences and accepting the pled facts as true, there is still no basis upon which Defendants could have forseen the attack which caused Mr. Singh's death.

II.

In Opposition, Plaintiff primarily relies on Banks v. Hyatt Corp, 722 F.2d 214 (5th Cir. 1984) and a host of related cases for the proposition that a duty to provide security can extend to the entrance and exit of a property.  In Banks, the decedent was a guest at the Hyatt Hotel in New Orleans who was returning from dinner in the French quarter when he was assaulted and killed by two men with a gun near the hotel entrance.  While the Fifth Circuit Court of Appeals did affirm a

---

[1] As originally noted, this Court can take judicial notice that the Old Post Office Pavilion is neither owned nor managed by the University, but rather the federal government.  For purposes of the event in question, the University was simply a licensee.

judgment against the hotel for negligence in failing to provide adequate security, the determining factor was the hotel's knowledge of prior crimes of the nature of which led to the decedent's death. Specifically, the Court noted that there had been multiple armed robberies at the hotel complex and its environs, one of which resulted in a death of another individual. Armed with this knowledge, there was a basis for finding a legal duty on the part of the hotel. As the Court stated "only when the owner or management of a business has knowledge, or can be imputed with knowledge, of a third person's criminal conduct which is about to occur, and is within the power of the owner or management to protect against, does a duty towards a guest arise." Id.

The Banks case is illustrative as to the failings of Plaintiff's theory in this case. While Plaintiff alleges that a member of Mr. Singh's group of friends and another male attendee (not even the assailant in this case) had been involved in a dispute at the event which involved pushing, Mr. Singh himself was not a party to the dispute and there is a complete disconnect with him personally. (Complaint ¶ 8). Furthermore, the apparent dispute in question was resolved amiably, with the individuals ultimately calming down and shaking hands. (¶¶ 8, 9). In short, there is no allegation that the defendants had knowledge, or even could be imputed with knowledge of an imminent knife attack off the premises later that evening given these circumstances.

Once again, while it is understandable that Mr. Singh's parents seek to affix blame for the loss of their son, the defendants in this case were not responsible under any stretch of the imagination or stretch of the facts of the complaint. Plaintiff's claims must be dismissed for failure to state a claim upon which relief can be granted.

                    Respectfully submitted,

                **KHAN ROMBERGER PLLC**

                      /s/
      By:_____
            Karen A. Khan
            D.C. Bar No. 455297
            1025 Connecticut Ave., N.W.
            Suite 1000
            Washington, D.C. 20036
            (202) 828-1243
            ATTORNEYS FOR DEFENDANTS

Date:  May 8, 2006