UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GURPAL SINGH, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-00574 (RMC) |
| ) | |
| SOUTH ASIAN SOCIETY OF THE ) | |
| GEORGE WASHINGTON ) | |
| UNIVERSITY, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Ranjit Singh was killed on March 27, 2005, on Pennsylvania Avenue N.W. in the District of Columbia as he exited an event known as the "Bhangra Blowout," sponsored by the South Asian Society of the George Washington University and the University itself. Gurpal Singh sues as administrator of the estate Ranjit Singh,[1] alleging that the Defendants' negligence led to Ranjit's death. George Washington University moves to dismiss, arguing that neither it nor the South Asian Society can be held liable for a criminal attack that occurred off the premises of the Old Post Office Pavilion, where the Blowout occurred, and after Ranjit Singh had left the event. Gurpal Singh opposes the motion, arguing that the Defendants owed Ranjit Singh a duty to provide reasonable security for a safe egress, that the assault that ended in Ranjit Singh's death began on the property of the Old Post Office, and that the assault was foreseeable because of the history and circumstances of the event.

---

[1] Gurpal Singh, along with his wife, also sue in their capacity as parents of Ranjit Singh.

In determining a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the factual allegations in the Plaintiffs' complaint as true. *Holy Land Found. for Relief and Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003) (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000)). A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only when it appears beyond doubt that the Plaintiffs can prove no set of facts which would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003).

Under these standards, the motion to dismiss must be denied. While the Defendants state that they base their motion on accepting as true the facts alleged in the complaint, they overlook the legitimate inferences from those facts to which the Plaintiffs are also entitled, especially at this pre-discovery phase of the litigation. Thus, Defendants do not address the Plaintiffs' assertion that the Banghra Blowout has a history of drunkenness and assaults; that the South Asian Society and the University reduced the number of attendees and increased interior security for the 2005 event as a result, which could infer foreseeability; that the assailant was party to an assault inside the event,[2] without intervention from security, which could infer foreseeability and negligence; that the exit used by Ranjit Singh and his friends was insufficiently lighted and had no security; that the assailant first assaulted Ranjit Singh's friends on the stairs leading from the Old Post Office to the street; that the assailant then assaulted Ranjit Singh on the same staircase; and that the assailant followed Ranjit Singh as he left the Old Post Office and attacked him with a knife on the sidewalk only ten feet away. Gurpal Singh alleges that he can demonstrate foreseeability and negligence from these facts

---

[2] The event was shut down at 2:00 a.m., an hour earlier than the scheduled 3:00 a.m. ending time.

and inferences.

The Court does not, of course, rule on the merits. At this pre-discovery point in the litigation, however, it cannot be said that there is clearly *no* set of facts on which liability may be premised.

The motion to dismiss is **DENIED**. The clerk will set an initial scheduling conference.


Date: June 13, 2006                                         /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge