## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA.

| | | |
|---|---|---|
| **Gurpal Singh, as** | : | |
| **Administrator Ad Prosequendum** | : | |
| **of decedent Ranjit Singh.** | : | |
| **And Gurpal Singh and Kulwinder** | : | |
| **Kaur as Parents of Ranjit Singh** | : | |
| **319 Mercer St.,** | : | |
| **Phillipsburg, N.J.     08865** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | **Civil Action No.  06-0574(RMC)** |
| v. | : | |
| | : | |
| **South Asian Society of The George** | : | |
| **Washington University** | : | |
| **2121 Eye Street, N.W.** | : | |
| **Washington, D.C. 20052** | : | |
| | : | |
| | : | |
| | : | |
| And, | : | |
| | : | |
| **George Washington University** | : | |
| **2121 Eye Street, N.W.** | : | |
| **Washington, D.C. 20052** | : | |
| | : | |
| | : | |
| And | : | |
| | : | |
| **Falcon Security Corp.** | : | |
| **3123 82nd Ave.** | : | |
| **Landover Md.** | : | |
| **20785** | : | |
| | : | |
| **Defendants.** | : | |

**FIRST AMENDED COMPLAINT**

**I. <u>Jurisdiction</u>**

1. This action is brought pursuant to the common law of the District of Columbia. Jurisdiction is founded upon the D.C. Code §11-921, 12-101 and 16-2701.

**II. <u>Parties</u>**

3. Plaintiff, Gurpal Singh is the father and the duly appointed Administrator Ad Prosequendum of Ranjit Singh, having been appointed by the Surrogate's Court of Warren County in the state of New Jersey on December 13, 2005. As such he authorized by New Jersey law to bring this action on behalf of the Estate of Ranjit Singh.

4. Defendant, South Asian Society of the George Washington University (hereinafter, "SAS") is a non-profit organization of George Washington University students, that was established to maintain and promote South Asian culture.

5 Defendant, George Washington University (hereinafter, "GWU") is a private university which operates in the District of Columbia

6. Defendant, Falcon Security Corp.(hereinafter "Falcon") is a security services company which operated in the District of Columbia on or about March 27, 2005.

7.     SAS and GWU jointly organized, promoted and funded, an annual event known as the "Bhangra Blowout."  Bhangra is is a traditional style of music and dance originating from the Indian sub-continent. The "Bhangra Blowout" is a festival in which top university teams from around the world take the stage each year to compete for cash prizes.  I n 2005 it had several components, including a party at the end of the contest which was held at the Old Post Office pavilion located at 1100 Pennsylvania Ave NW, Washington, DC 20004.   This event was attended by approximately 1,250 persons.   Alcohol was served to patrons over the age of twenty one.  The event began at 7.00 p.m. on March 26, 2005 and was supposed to continue until 3.00 a.m. the next morning,  but it appears that the event was shut down at around 2.00 a.m. in the middle of a performance.  Falcon was hired to provide security services at the event.

8. Ranjit Singh and several of his friends traveled from the Phillipsburg, New Jersey area on March 27, 2005 to attend the party at the Post Office Pavilion.  About forty five minutes before the event ended, a member of Ranjit Singh's group became involved in a dispute with another male patron.  Some shoving and pushing may have occurred but eventually, the parties involved calmed down and actually shook hands.   No security guards intervened in this incident and  Ranjit Singh was not involved .    After the party was ended Ranjit Singh left the event through a side exit.   Several of his friends had already left through the same exit just before him.  As Singh's friends were on the top of some  steps which led down to the sidewalk, but still on Post Office Pavilion property,   they were approached by an individual they had seen earlier inside the building and whom it is  believed was a friend of the other party involved in the dispute which had occurred inside the building.  He was talking unintelligibly,  had an unsteady gait  and was making fists and gesticulating  in an angry manner.  They  managed to disengage from him without incident and began to walk down the street.  As Ranjit Singh followed his

friends onto to the steps, the same individual approached him and again began to act in a very agitated manner.  He was talking loudly and in an aggressive manner.  Ranjit Singh walked down the steps and onto the sidewalk where he was attacked by this individual and suffered a stab wound to his chest which severed his left axillary artery. The attack occurred approximately ten feet from the bottom of the steps.  Ranjit Singh  was taken to George Washington University Hospital where he was pronounced dead at 3.20 a.m. on March 27, 2005.   The identity of the assailant is unknown.

9. Upon information and belief,  there had been a number of assaults at this  event in previous years. In an effort to control the number of such incidents, attendance in 2005 was reduced and security was increased inside the building.  However, no security guards were present at the exits after the event was shut down. The lighting was poor and the top of the steps where these events began,  contained areas to the side of the steps,  where it was easy  to wait for persons leaving the event.

**COUNT ONE**

(Negligence - Failure To Provide Security)

10.  Plaintiff hereby incorporates paragraphs 1 through 9, *supra*, by reference.

11.  Defendants, failed to provide a reasonable level of security to persons exiting  the event at the Old Office Pavillion on March 27, 2005.  In particular, they failed to station security

guards at the exits to help ensure that the persons leaving the event were able to do so in an orderly and peaceful manner.

12. Defendants knew or should have known that, due to the lack of security measures, it was reasonably foreseeable that patrons leaving this event, including plaintiff could be assaulted and injured.

13. As a direct and proximate result of the above-described negligence, plaintiff was assaulted with a knife. He suffered grave bodily injury and death. He experienced bodily pain and mental anguish. He suffered pecuniary loss, including, but not limited to, hospital and medical expenses and loss of future earnings.

WHEREFORE, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $2,000,000 (Two Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

**COUNT TWO**

(Negligent Selection, Retention and Supervision of Security Provider)

14. Plaintiff hereby incorporates paragraphs 1 through 13, *supra*, by reference.

15. Defendants negligently selected, retained and supervised Falcon, which provided security services at this event.

16. As a direct and proximate result of the above-described negligence, plaintiff was assaulted with a knife  He suffered grave bodily injury leading to death . He experienced bodily

pain and mental anguish, and he suffered pecuniary loss, including, but not limited to, hospital and medical expenses and loss of future earnings.

WHEREFORE, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $2,000,000 (Two Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

## COUNT THREE

### (Wrongful Death)

17. Plaintiff hereby incorporates paragraphs 1 through 16, supra, by reference.

18. As a direct and proximate result of the above-described negligence, decedent Ranjit Singh died on March 27, 2004. There were no intervening or superseding causes contributing to his death.

34. As a direct and proximate result of the above-described negligence and the ensuing death of Sanjit Singh , his mother, Kulwinder Kaur, and his father, Gurpal Singh, suffered the loss of the decedent's future earnings, services and assistance, and other pecuniary benefit which they would have derived had the decedent survived.

WHEREFORE, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $2,000,000 (Two Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

By:_____
    Geoffrey D. Allen
    D.C. Bar No. 288142
    1730 Rhode Island Ave. N.W.

Suite 206
Washington, DC 20009
(202) 778-1167
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands trial by jury as to all counts herein.

_____
Geoffrey D. Allen