IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GURPAL SINGH, Administrator of decedent RANJIT SINGH, et al. | ) ) ) |
| Plaintiff, | ) Civil Action No. 06-0574 (RMC) ) |
| vs. | ) ) |
| SOUTH ASIAN SOCIETY OF THE GEORGE WASHINGTON UNIVERSITY, THE GEORGE WASHINGTON UNIVERSITY, and DOE SECURITY | ) ) Next Scheduled Event: 11/01/06 ) Discovery Deadline ) ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION TO SUSPEND THE SCHEDULING ORDER**

Defendants, The George Washington University, and the South Asian Society of the George Washington University (hereinafter "Defendants"), by and through their undersigned attorneys, hereby file the instant Opposition to Plaintiffs' Motion to Suspend the Scheduling Order, by stating as follows:

**ARGUMENT**

I.

At the outset, Defendants would note that the mere fact that Plaintiffs have even filed the instant motion without first conferring informally with the Court is in complete derogation of this Court's Scheduling Order, which notes in relevant part that: "Counsel **shall not** file discovery motions without a prior telephone conference with the Court and opposing counsel." (Scheduling Order, ¶ 7)(emphasis added). It is worth pointing out that the Court additionally made this specific admonition to counsel for both parties during the recent scheduling hearing which took

place on August 2, 2006. That counsel for Plaintiffs would completely disregard this directive is inexcusable, and the motion should be immediately denied on this basis alone.[1]

II.

Even if this Court were inclined to consider the merits of the motion, Plaintiffs have by no means made the requisite "showing of good cause" as mandated by the Scheduling Order to warrant what amounts to a complete stoppage of discovery in this case. Id. at ¶ 10. When Plaintiffs initially filed their motion to suspend, pending before the Court was the Plaintiffs Consent Motion to Amend the Complaint to add Falcon Security Corporation as an additional party defendant to these proceedings. Counsel for Plaintiffs' argument at the time was that the inclusion of an additional defendant could possibly result in his clients being subjected to multiple depositions. However, this argument has since been rendered completely moot given that the Court granted the motion to amend by Minute Order dated September 7, 2006, and the Court has since issued an appropriate summons to Falcon Security. Assuming the Plaintiffs move expeditiously to serve Falcon Security, scheduling and completion of depositions on dates and times acceptable to all parties should not be an issue.[2] Under no circumstances, however, should the inclusion of this additional party result in discovery being suspended or stopped as

---

[1] This is the second time in as many weeks that Plaintiffs have altogether failed to comply with the rules. The first occurred when Plaintiffs filed their Motion to Amend the Complaint without including a proposed Amended Complaint as required by L.Cv.R. 15.1, prompting a wholly unnecessary round of briefings between the parties.

[2] If it is an issue, then this is something that Falcon Security can address with the parties and the Court.

Plaintiffs now seek.

## III.

Finally, the Defendants strongly oppose the suggestion made by Plaintiffs that "it would seem necessary to set a new discovery schedule in this case." (Plts' Mot., p. 2). The parties in this case have been proceeding with discovery since the Scheduling Order first issued in early August. Notably, Plaintiffs in this case have <u>not</u> designated any experts by the September 1, 2006 deadline, and have long waived their right to do so. (*See* Scheduling Order, ¶ 1).[3] Hence, to the extent that this Court is inclined to suspend the existing order or issue a new discovery schedule to take into account the inclusion of Falcon Security, none of the deadlines which have now passed between the University and Plaintiffs should be altered in any way.

Respectfully submitted,

**KHAN ROMBERGER PLLC**

By: /s/
Karen A. Khan
D.C. Bar No. 455297
1025 Connecticut Ave., N.W.
Suite 1000
Washington, D.C. 20036
(202) 828-1243
ATTORNEYS FOR DEFENDANTS

Date: September 18, 2006

---

[3]   To the extent Plaintiffs seek to designate an expert beyond this deadline, it will be met with an appropriate request to strike.