IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GURPAL SINGH, Administrator of decedent RANJIT SINGH, | ) ) ) |
| Plaintiff, | ) Civil Action No. 06-00574 (RMC) ) |
| vs. | ) ) |
| SOUTH ASIAN SOCIETY OF THE GEORGE WASHINGTON UNIVERSITY, THE GEORGE WASHINGTON UNIVERSITY, and FALCON SECURITY CORPORATION, | ) ) Next Scheduled Event: 11/01/06 )      Discovery Deadline ) ) |
| Defendants. | ) |

## ANSWER TO AMENDED COMPLAINT

**COMES NOW**, The George Washington University, and the South Asian Society of the George Washington University (hereinafter "Defendants"), by and through their counsel, and collectively Answer Plaintiff's Complaint, by stating as follows:

## AS TO "JURISDICTION"

1. Defendants deny each and every allegation contained in paragraph 1 of the Amended Complaint, except admit that Plaintiff is attempting to invoke the jurisdiction of this court.

2. Misnumbered. There is no numbered paragraph denoted as 2 in Plaintiff's Amended Complaint.

## AS TO "PARTIES"

3. Defendants deny each and every allegation contained in paragraph 3 of the Amended Complaint, except admit that Gurpal Singh holds himself out as the father and

appointed Administrator Ad Prosequendum of the estate of Ranjit Singh for purposes of this case.

4. Defendants deny each and every allegation contained in paragraph 4 of the Amended Complaint, except admits that the South Asian Society is a student club available to those interested in South Asian culture.

5. Admitted.

6. No response is required to the allegations contained in paragraph 6 of the Amended Complaint as it is directed as a party other than answering Defendants. To the extent a response is required, Defendants admit that Falcon Security Corporation is a security services company which provided services to the University on March 27, 2005.

7. Defendants deny each and every allegation contained in paragraph 3 of the Amended Complaint, except admit that the George Washington University – in connection with one of its' student groups, the South Asian Society, sponsored an event known as the Bhangra Blowout on or about March 26, 2005 at the Old Post Office Pavilion located at 1100 Pennsylvania Avenue in the District of Columbia. It is further admitted that alcohol was available to legal aged patrons at the event, and that Falcon Security Corporation was hired to provide security at the event.

8. Defendants deny each and every allegation contained in paragraph 8 of the Amended Complaint, except admit Ranjit Singh was killed on March 27, 2005.

9. Defendants deny each and every allegation contained in paragraph 9 of the Amended Complaint, and strict proof is therefore demanded.

## AS TO "COUNT ONE"
(Negligence- Failure to Provide Security)

10. Defendants incorporate by reference their responses to paragraphs 1 through 9 of the Amended Complaint as if fully set forth herein.

11. The allegations of paragraph 11 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny these allegations, and strict proof is therefore demanded.

12. The allegations of paragraph 12 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny these allegations, and strict proof is therefore demanded.

13. Defendants deny each and every allegation contained in paragraph 13 of the Amended Complaint, except admit that Ranjit Singh was assaulted with a knife and died. The remaining allegations of paragraph 13 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny these allegations, and strict proof is therefore demanded. Defendants are further without knowledge or information sufficient to form a belief concerning the alleged pecuniary and other losses alleged to have been sustained by Plaintiff, and strict proof is therefore demanded.

WHEREFORE, Defendants specifically deny any liability for the conduct alleged, and specifically deny that Plaintiff would be entitled to any relief demanded in the prayer for relief set forth in Count One, and therefore respectfully requests that Plaintiff's claims be dismissed and that judgment be entered against the Plaintiff.

## AS TO "COUNT TWO"
(Negligent Selection, Retention and Supervision of Security Provider)

14. Defendants incorporate by reference their responses to paragraphs 1 through 13 of the Amended Complaint as if fully set forth herein.

15. The allegations of paragraph 15 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny these allegations, and strict proof is therefore demanded.

16. Defendants deny each and every allegation contained in paragraph 16 of the Amended Complaint, except admit that Ranjit Singh was assaulted with a knife and died. The remaining allegations of paragraph 16 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny these allegations, and strict proof is therefore demanded. Defendants are further without knowledge or information sufficient to form a belief concerning the alleged pecuniary and other losses alleged to have been sustained by Plaintiff, and strict proof is therefore demanded.

WHEREFORE, Defendants specifically deny any liability for the conduct alleged, and specifically deny that Plaintiff would be entitled to any relief demanded in the prayer for

relief set forth in Count Two, and therefore respectfully requests that Plaintiff's claims be dismissed and that judgment be entered against the Plaintiff.

### AS TO "COUNT THREE"
(Wrongful Death)

17. Defendants incorporate by reference their responses to paragraphs 1 through 16 of the Amended Complaint as if fully set forth herein.

18. Defendants deny each and every allegation contained in paragraph 18 of the Amended Complaint, except admit that Ranjit Singh died on or about March 27, 2005. The remaining allegations of paragraph 18 constitute conclusions of law to which no response is required.

19-33. Misnumbered. There are no numbered paragraph denoted 19-33 in Plaintiff's Amended Complaint.

34. The allegations of paragraph 34 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny these allegations, and strict proof is therefore demanded. Defendants are further without knowledge or information sufficient to form a belief concerning the alleged pecuniary benefit and other losses alleged to have been sustained by Gurpal Singh and Kulwinder Kaur, and strict proof is therefore demanded.

WHEREFORE, Defendants specifically deny any liability for the conduct alleged, and specifically deny that Plaintiff would be entitled to any relief demanded in the prayer for

relief set forth in Count Three, and therefore respectfully requests that Plaintiff's claims be dismissed and that judgment be entered against the Plaintiff.

## AS TO "JURY DEMAND"

It is admitted that Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint herein fails to state a cause of action against the Defendants upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, through contributory negligence, assumption of risk, and or unavoidable accident on the part of Ranjit Singh or others.

### THIRD DEFENSE

Plaintiff fails to state a claim because of the negligence of parties other than the Defendants, their agents, employees, and/or servants, and because the alleged injuries were not caused by any alleged acts of Defendants, their agents, employees and/or servants.

### FOURTH DEFENSE

Plaintiff fails to state a claim because any alleged injuries were caused solely and proximately by conditions and/or disease processes, or by the acts or omissions of others for which Defendants are not legally responsible.

**FIFTH DEFENSE**

Plaintiff's claim for damages is barred, in whole or in part, through laches, waiver, estoppel or release.

**SIXTH DEFENSE**

Plaintiff's claim against the South Asian Society is a legal impossibility, as this student club is not a legal entity capable of being sued, and this Court therefore lacks jurisdiction over this party.

Respectfully submitted,

**KHAN ROMBERGER PLLC**

By: /s/ _____
Karen A. Khan
D.C. Bar No. 455297
1025 Connecticut Ave., N.W.
Suite 1000
Washington, D.C. 20036
(202) 828-1243
ATTORNEYS FOR DEFENDANTS

Date: September 18, 2006