IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GURPAL SINGH, as Administrator of decedent RANJIT SINGH, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 06 0574 RMC |
| | : : | |
| SOUTH ASIAN SOCIETY OF THE GEORGE WASHINGTON UNIVERSITY, Et Al., | : : : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO MOTION TO SUSPEND SCHEDULING ORDER**

Defendants claim that because plaintiff has not scheduled a telephone conference with the court and opposing counsel to discuss this motion, it should be summarily denied. Plaintiff assumed however, that this part of the Order applied to ongoing disputes during discovery rather than a motion to suspend it altogether. Plaintiff's counsel will contact chambers and if the court wishes to hold a telephone conference on this issue, he will endeavor to schedule one promptly. If the court however, prefers to rule on the pleadings, then the plaintiff would ask the court to consider the following.

Firstly, the need to Amend the Complaint was noted in the Meet and Confer statement filed by counsel, so this was a development that was known by everyone from the outset. Secondly, after agreeing to the amendment which would bring in Falcon Security as a defendant, defense counsel then sought to take at least seven depositions. Five of these may

have to take place in New Jersey and will probably involve witnesses having to miss time from work. There is clearly a strong likelihood that Falcon will also have an interest in taking the same depositions and in plaintiff's submission it makes little sense to do these piecemeal. Put simply it would result in massive duplication of discovery, unnecessary expense and would impose an unreasonable burden on the witnesses.

Plaintiff would note that until the fact witness depositions are completed plaintiff's security expert is unable to complete his report. Had plaintiff not moved to suspend discovery he would in any event have moved to amend it to allow experts to file their reports at a later date. For this reason also, it seems to plaintiff that the most sensible course is to set a new discovery schedule, once Falcon is served and has filed an Answer.

Plaintiff would also alert the court, that its Answers to Iinterrogatories, George Washington University, revealed that two other parties also had security responsibilities for the dance in question, namely, the General Services Administration (GSA), the owner of the building, and Hill Partners Inc., a property management company. Plaintiff has asked defendants to provide additional information for the basis for this assertion and to provide details on the precise nature of these responsibilities. To date, plaintiff has received no response from the defendants to this request. However, it is clear, that there is the distinct possibility of plaintiff moving to add further defendants in the very near future. Given this situation, in plaintiff's respectful submission, to proceed with discovery at the present time, with the existing defendants alone, could be an even greater waste of resources.

Moreover, this case has not been in the court system for an extended period of time. Discovery only began approximately six weeks ago, and despite the holiday season, already a good deal has been achieved. Interrogatories have been exchanged and answered, documents have been produced, witness lists exchanged, and privilege logs exchanged.

## Conclusion

Plaintiff submits that the orderly way to proceed is to establish the proper parties and then engage in discovery in which all of those parties participate.

Respectfully submitted,

_____
Geoffrey D. Allen
DC Bar # 288142
1730 Rhode Island Ave, N.W.
Suite 206
Washington, D.C.  20036
Counsel for Plaintiffs
(202) 778-1167