Sep-08-06    12:39pm    From-Bisceglie & Walsh                2026599536            T-548   P.002   F-229

# GEOFFREY D. ALLEN
ATTORNEY AT LAW
1730 RHODE ISLAND AVE, N.W
SUITE 206
WASHINGTON, DC 20036
Telephone: (202) 778-1167
Telecopier: (202) 659-9536

September 8, 2006

*By Facsimile: (202) 882 8756*

Timothy W. Romberger
1025 Connecticut Ave N.W.
Suite 1000
Washington D.C.
20036

    *Re: Singh v. The George Washington University, et al.*
       *Civil Action No. 06-0574*

Mr. Romberger:

    Please find the enclosed draft answers to interrogatories that I mentioned yesterday. I hope to get a signature back as early as Monday.

    I will be sending over Responses to your Request for Production of Documents and a privilege log later today.

    I hope to be able to get at least preliminary expert reports to you next week.

                                                 Yours Truly,

                                                 Geoffrey D. Allen

Sep-08-06   12:39pm   From-Bisceglie & Walsh         2028599538         T-549  P.003  F-229

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GURPAL SINGH, as Administrator :
of decedent RANJIT SINGH :
   :
   Plaintiffs :
   :   Civil Action No. 06 0574
   v. :   RMC
   :
   :
SOUTH ASIAN SOCIETY OF THE GEORGE :
WASHINGTON UNIVERSITY, THE GEORGE :
WASHINGTON UNIVERSITY and :
DOE SECURITY :
   :
   Defendants :

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

The Plaintiff, by and through their undersigned attorney, and pursuant to Federal Rules of Civil Procedure 33, states as follows:

(a) The information contained in these Answers is being provided in accordance with the provisions and intent of the Federal Rules of Civil Rule of Procedure 33 which requires the disclosure of all facts which may be relevant or may lead to the discovery of relevant information. Accordingly, the party answering these Interrogatories by providing the information requested, does not waive objections to its admission in evidence on grounds of materiality, relevancy or other proper grounds for objection

(b) The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, their agents, representatives, and attorney unless privileged.

Sep-08-06   12:31pm   From-Biscuglia & Walsh          2026500536         T-548  P.004/018  F-229

(:) The word usage, sentence structure, and syntax may be that of the attorney assisting in the preparation of these Answers, and thus does not necessarily purport to be the precise language of the executing party. This is particularly the case because Mr. Gurpal Singh speaks limited English.

## ANSWERS

### Interrogatory No 1

Describe in complete detail each item of damage, including amounts, for which Plaintiffs intend to seek recovery at trial, including a complete and detailed description of how these damages were calculated

Answer: Funeral expenses: $5,172.00. Please see bill from Doyle-Devlin Funeral Home, Inc. which has already been supplied to you.

Medical Expenses: Plaintiff is in the process of obtaining this information. It will be provided to you when it is received.

Lost earnings. Amount to be calculated by plaintiff's economist.

Loss of services to parents. Amount to be calculated by plaintiff's economist. Report will be forwarded to you when it is completed.

Loss of society and companionship to parents. To be determined by jury.

Pain and suffering. To be determined by jury.

**Interrogatory No 2**

Describe and identify Ranjit Singh's education background prior to his death including every educational institution he attended, the dates of attendance, any degree or certificate there from, any activities and interests he pursued in his education setting, his stated career goals or plans, if any, and the identity of any high school or college career counselor with whom Ranjit Singh had contact prior to his death.

**Answer:** Ranjit Singh was educated in India. He finished high school in Adampur District, Jalandar, Punjab, India. He had indicated to family members that he wished to become an auto mechanic and go into business with his father and his brother.

**Interrogatory No 3**

Identify each and every employer Ranjit Singh had prior to his death, identifying the names, addresses, and phone numbers of these employers the jobs or positions held, income and benefits derived, from these jobs and an explanation for the voluntary or involuntary cessation of employment at each employer.

**Answer:** Ranjit Singh was employed as a clerk at the Paul Mart Convenience Store at 462 S. Main St., New Jersey since shortly after he arrived in the USA on May 22, 2003. At the time of his death he was earning $2,100.00 per month. He also worked at a Gulf Service Station located at 700 Rte 57 as a manager. He worked there with his father and together they earned

$5,400 per month. The arrangement was that they undertook to keep the station open for a certain number of hours per day and they split the responsibility for doing so between them. He had worked at the latter location for about a year.

### Interrogatory No 4

Identify each and every injury (including bodily, physical, mental and emotional)k which plaintiff's maintain that Ranjit Singh suffered and sustained as a result of the assault which led to his ensuing death on or about March 27, 2005, as well as every hospital, physician and other health care provider who saw Ranjit Singh relative to these injuries

**Answer:** Ranjit Singh suffered a stab wound to the left axilia transecting the left axillary artery and vein. Please see enclosed Certificate of Death. He was treated at the George Washington University Hospital on March 27, 2005. Plaintiff has requested these records and will provide you with a copy when they are received.

### Interrogatory No 5

Identify each and every physician and health care provider with whom Ranjit Singh visited, consulted and or treated with for the ten year period proceeding his death, including the providers' address, occupation, area or specialization, and the date (s) Ranjit Singh first consulted that person or entity the condition for which treatment was sought and the nature of the treatment rendered.

**Answer:** As far as is known he had no physical problems and did not consult with any medical service providers.

**Interrogatory No 6**

Describe in complete detail the alleged loss of the decedent's: (a) future earnings, (b) services, (c) assistance, (d) other pecuniary benefit that Kulwinder Kaur and Gurpal Singh claim that they "would have derived had the decedent survived" as alleged in paragraph 34 of the complaint, including an explanation of the value, amounts, and basis for calculation these alleged damages.

Answer: Ranjit Singh's future lost earnings are in the process of being calculated by plaintiff's economist. His report will be provided to you when it is received. It was anticipated that Manjit Singh, Gurpal Singh and Ranjit Singh would purchase a business together. At the time of Ranjit's death they were all actively saving for this. When that occurred, it was anticipated that Ranjit and Manjit would assume most of the responsibility for actually running the business and that Gurpal would gradually diminish his input and in effect, retire.

**Interrogatory No 7**

Identify each and ever employer Gurpal Singh and Kulwinder Kaur have had during the last ten years to present, identifying the names, addresses, and phone numbers of these employers, the jobs or positions held, income and benefits derived from these jobs, and an explanation of the voluntary or involuntary cessation of employment at each employer.

Answer: Kulwinder Kaur is and has been a homemaker during this period. Gurpal Singh Ranjit Singh has worked at the Paul Mart Convenience Store at 462 S. Main St. New Jersey. He also

has worked at a Gulf Service Station located at 700 Rte 57, where he has performed a variety of tasks. He also works as a production leader at Molded Acoustical Products of Easton, Inc., Three Danforth Drive, Easton, PA 18045-7898. He earns approximately $400.00 per week. He also has health insurance.

**Interrogatory No 8**

Give a complete statement as to how you contend that the occurrences on March 26, 2005 and March 27, 2005 took place.

Answer: Ranjit Singh was in the process of leaving a dance, at the Old Post Office Pavilion at 1100 Pennsylvania Ave. N.W. on March 27, 2003 at approximately 2.45 a.m. While he was at the top of a set of steps leading from the building to the sidewalk, he was assaulted by a person who had also attended the event. Ranjit Singh tried to walk away but the assailant followed him onto the sidewalk and stabbed him in the chest causing injuries which led to his death. The stabbing occurred approximately ten to fifteen feet away from the bottom of the steps. No security guards were posted at the exit where these events occurred. After the stabbing several of Ranjit's friends chased the assailant and received stab wounds themselves. The lighting outside the building was poor.

The same person had previously acted in an assaultive manner towards several of Ranjit's friends who had left the event using the same exit, shortly before Ranjit.

Approximately, forty five minutes before the stabbing, while inside the building there had been an altercation between a friend of Ranjit Singh and it is believed, a friend of the stabber. Ranjit Singh was not involved in the earlier incident.

The assailant had attended the dance. At the time of the assaults described above, he appeared to heavily intoxicated. His gait was unsteady and his speech was slurred and largely incomprehensible.

### Interrogatory No 9

Identify each and every individual with knowledge of any facts pertaining to the allegations in Plaintiff's complaint and this case giving a detailed description of the facts possessed by each such person.

Surinder Singh,
8 Kurdyla Ave.
Carteret NJ 07008

Attended the event. Has knowledge of the circumstances of the incident inside the event and the assaults which occurred when he was leaving the event. Has knowledge of lighting conditions outside the building near the exit he used and absence of security guards.

Muhammad Ahad Abbasi,
121 Mercer St. Apt2
Somerville NJ
08876

Attended the event. Has knowledge of the circumstances of the incident inside the event and the assaults which occurred when he was leaving the event. Has knowledge of lighting conditions outside the building near the exit he used and absence of security guards.

Gurvinder Singh Mavi,
1948 Calemet Pl
Eston PA 18045

Attended the event. Has knowledge of the circumstances of the incident inside the event and the assaults which occurred when he was leaving the event. Has knowledge of lighting conditions outside the building near the exit he used and absence of security guards. Was stabbed by assailant after the stabbing of Ranjit Singh.

Harkanwal Singh Sandhu
36 New Jerrsey Ave
Felemington N.J.
08922

Attended the event. Has knowledge of the circumstances of the incident inside the event and the assaults which occurred when he was leaving the event. Has knowledge of lighting conditions outside the building near the exit he used and absence of security guards.

Sandeep Singh Maan
36 New Jersey Ave.
Felemington N.J. 08822

Attended the event. Has knowledge of the circumstances of the incident inside the event and the assaults which occurred when he was leaving the event. Has knowledge of lighting conditions outside the building near the exit he used and absence of security guards. Was stabbed by assailant after the stabbing of Ranjit Singh.

Manjit Singh
319 Mercer St.
Phillipsburg
NJ 08865

Has knowledge of Ranjit Singh's educational, health and employment background and his future plans and career goals.

Kulwinder Kaur
319 Mercer St.
Phillipsburg
NJ 08865

Has knowledge of Ranjit Singh's educational, health and employment background and his future plans and career goals.

Gurpal Singh
319 Mercer St.
Phillipsburg
NJ 08865

Has knowledge of Ranjit Singh's educational, health and employment background and his future plans and career goals.

Harpal Singh
462 S. Main St
Phillipsburg NJ
08865

Has knowledge of Ranjit Singh's educational, health and employment background and his future plans and career goals.

In addition, there was a female whose identity is currently unknown who applied pressure to Ranjit Singh's wounds after he was stabbed. It is not known what else she may have seen.

The killing of Ranjit Singh was investigated by the Metropolitan Police Department for the District of Columbia. It is believed that Detective Kim Lawrence and Bridgett Jones Smith worked on the case.

### Interrogatory No 10

Identify all individuals who witnessed the assault and or can corroborate the events of March 27, 2005 including but not limited to Singh's "friends" whom traveled with him from New Jersey to attend the Banghra Blowout, along with a detailed description of any known corroborative information by these individuals

**Answer:** Please see previous answer.

Sep-08-06   12:4 pm   From-Bisceglie & Walsh                2026599536            T-548   P.012/018   F-228

**Interrogatory No 11**

Identify each and every person whom Plaintiff's or their representative(s) have contacted or interviewed in connection with this matter and specifically identify those whom Plaintiffs intend to call as a witness in this matter and the nature of any expected testimony

**Answer:** Please see answer to Interrogatory No. 9. It is expected that each of these individuals will be a witness. In addition, Gurpal Singh, Ranjit's father, Kulwinder Kaur his mother and Manjit Singh his brother may testify concerning his family and career plans, work history, and health care history. Counsel has spoke with all of these witnesses. It is possible that Detective Kim Lawrence and Bridgett Jones Smith may testify as to aspects of their investigation. Counsel has not spoken with them. Various health care providers and emergency medical technicians may also testify as to the nature of Ranjit Singh's injuries and his pain and suffering. Counsel has not yet spoken with them.

**Interrogatory No 12**

Identify each and every document and individuals which Plaintiff consulted prior to the initiation of the instant lawsuit. For every document and individual listed, state all facts, information, or conversations up on which you relied in determining that Plaintiffs had adequate grounds and substantial justification to file a lawsuit against the South Asian Society of the George Washington University, and the George Washington University

**Answer:** Objection this interrogatory calls for information which is privileged attorney work product. Without waiving the objection, plaintiff did consult with Norman D. Bates, plaintiff's security expert and spoke with all the witnesses identified in the Answer to Interrogatory 9

(except he police officers and health care providers), he also visited the scene, reviewed a number of newspaper articles and conducted extensive legal research.

**Interrogatory No 13**

State whether Plaintiff's intend to call any experts on behalf of their case, whether or not used for consulting for testimony. If Plaintiffs intend to call any experts state and identify their names, addresses, places of employment, affiliations, nature of their practice, a list of their training, credentials, curriculum vita, and other credentials, along with any reports generated to date, the nature of their anticipated testimony, all findings and conclusions reached, and the complete factual basis and information used to support such findings and conclusions.

**Answer:** Plaintiff will call Norman D. Bates Esq. as a security expert and Dr. Richard Lurito as an economist. Their CV's will be provided. They have not yet completed their work on this case. When they have reviewed discovery materials, this Answer will be supplemented.

**Interrogatory No 14**

State whether you contend that the assailant who stabbed Ranjit Singh (and any other individual or entity who is not a party to this case) acted in such a manner to cause or contribute to the injuries and damages claims in the case.

**Answer** Plaintiff does contend that the assailant's stabbing of Ranjit Singh was one of several substantial factors, which caused or contributed to his death. Other substantial factors include

Sep-08-06    12:41pm    From-Bisceglie & Walsh         2028598538         T-548   P.014/018   F-229

the absence of any security presence whatsoever at the exit to the building which was used by the decedent, the failure to provide an adequate number of security guards for the event, and the failure to monitor adequately the alcohol intake of the assailant.

**Interrogatory No 15**

State in complete details all efforts and steps taken by the Plaintiffs, their agents, assigns, and representatives to discover the identity and location of the assailant who stabbed Ranjit Singh the identity of all individuals involved with such investigation if any and the outcome of such efforts.

Answer  Objection. This interrogatory is not reasonably calculated to lead to the discovery of admissible information for use at trial. Without waiving the objection, plaintiff's counsel has attempted to contact the police officers involved in the investigation of this case. The officers have not responded to any of counsel's phone calls.

**Interrogatory No 16**

State in complete detail all facts upon which you base your assertions that the George Washington University, the South Asian Society of the George Washington University and any other party (whether named or unnamed) were negligent in this case.

Answer  Plaintiff has fully set forth his assertions with respect to the liability of the George Washington University, and the South Asian Society of the George Washington University in

Sep-09-06   12:41pm   From-Bisceglie & Walsh         2026599536         T-548   P.015/018   F-220

his Opposition to Defendants' Motion To Dismiss. He incorporates by reference, the assertions set forth therein as his answer to this interrogatory. In addition, plaintiff may contend that the defendants were negligent in that they misinformed Falcon Security as to the number of persons attending the event. Plaintiff may also contend that defendants had a non-delegable duty to provide adequate security at the exits to the event and that they breached that duty. Plaintiff may also contend that the alcohol consumption of patrons of the event was not monitored adequately leading to heavy intoxication of Ranjit Singh's assailant. Plaintiff will contend that these deficiencies proximately caused the injury to Ranjit Singh.

**Interrogatory No 17**

State whether, within the last ten years, Ranjit Singh was involved in any physical altercations with any other individual. If so, identify such individual, the dates of such altercations the indemnity of any police or local authorities involved and your understanding of the circumstances underlying the altercation.

Answer: None

**Interrogatory No 18**

State whether within the last ten years Ranjit Singh or Plaintiffs herein have been arrested for any matter. If so, state the time date and arresting authority, offense(s) charged and disposition.

Sep-08-06   12:47pm   From-Bisceglie & Walsh         2026598535         T-548   P.016/018   F-229

**Answer:** Ranjit Singh was never arrested.

### Interrogatory No 19

Identify each individual, company and or entity against whom Ranjit Singh and or Plaintiffs have previously instituted any criminal or civil charges, grievances lawsuits or litigation or any kind, identifying the person or entities charged, the nature and date of the charges or action, the name and address of the agency or other forum in which is was commenced; the substance of each such charge or suit; and the outcome or present status of each matter

**Answer:** None

### Interrogatory No 20

State the full name, address, date of birth, marital status and social security number of Plaintiff's herein, and further identify the Court or authorities by which Plaintiff (s) was granted letters of administration over the estate of decedent Ranjit Singh.

**Answer:** Gurpal Singh. Date of birth: June 27, 1952. SS: 156 94 8002. Please see letter of administration which are enclosed herewith which provide the requested information as to the court.

**Interrogatory No 21**

If you intent to rely upon any documents or other tangible things to support a position that you have taken or intend to take in this action, including any claim for damages, provide a brief description, by category and location, of all such documents, and other tangible things, and identify all persons having possession custody or control of them.

**Answer:** Death Certificate of Ranjit Singh. This has been provided to you. Medical records and ambulance reports have been requested and will be provided to your when they are obtained. The CV's of Norman Bates and Dr. Richard Lurito. These will be sent to you. Various newspaper articles which may be reviewed by plaintiff's security expert. These have already been provided to you. Plaintiff will take photographs of the Post Office Pavilion and will turn copies over to defendants. Documentation as to Ranjit Singh's earnings is being sought and will be turned over to you. The autopsy report from the medical examiner's office has been requested and will be turned over to you when it is received.

**Interrogatory No 22**

Identify any individual whom you consulted or were assisted by in responding to these interrogatories specifying by number each interrogatory for which this person was consulted or assisted.

**Answer:** I have conferred with my attorney in responding to these answers.

Sep-08-06  12:42pm  From-Bisceglie & Walsh         2026599536        T-548  P.018/018  F-229

I swear under penalty of perjury that the Answers to Interrogatories above, are true and accurate to the best of my knowledge.

Subcribed and Sworn: _____
                     Gurpal Singh

My Commission expires:

                     _____
                     Notary Public

                     _____