# GEOFFREY D. ALLEN
### ATTORNEY AT LAW
1730 RHODE ISLAND AVE, N.W
SUITE 206
WASHINGTON, DC 20036
Telephone: (202) 778-1167
Telecopier: (202) 659-9536

September 8, 2006

*By Facsimile: (202) 882 8756*

Timothy W. Romberger
1025 Connecticut Ave N.W.
Suite 1000
Washington D.C.
20036

      *Re: Singh v. The George Washington University, et al.*
         *Civil Action No. 06-0574*

Mr. Romberger:

    Please find enclosed, plaintiff's responses to your First Request For Production of Documents.

    I have also enclosed a few additional documents.

                                                Yours Truly,

                                                Geoffrey D. Allen

Sep-08-06   02:07pm   From-Bisceglie & Walsh         2026599536           T-550   P.003   F-231

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GURPAL SINGH, Administrator of decedent )
RANJIT SINGH, )
)
           Plaintiff, ) Civil Action No. 06-cv-0574 (RMC)
)
vs. )
)
SOUTH ASIAN SOCIETY OF THE GEORGE )
WASHINGTON UNIVERSITY, THE GEORGE )
WASHINGTON UNIVERSITY, and DOE )
SECURITY )
)
           Defendants. )

## PLAINTIFF'S RESPONSES TO DEFENDANT GEORGE WASHINGTON UNIVERSITY'S FIRST SET OF DOCUMENT REQUESTS

1. Any and all documents and materials in the possession, access, or control of Plaintiffs, including, but not limited to, letters, notes, memoranda, telephone logs, diaries, handbooks manuals, leaflets, procedures, guidelines, memos, bulletins, directives, and the like, which in any way establish, support, discredit, or relate to any of the claims, allegations, statements, and averments made by Plaintiffs in the Complaint.

    **Response:** Please see documents which have already been turned over to you which include: newspaper articles, letters of administration, a Death Certificate for Ranjit Singh, and a funeral bill.

2. All documents that relate to, support, concern, or discredit any claim for

Sep-08-06    02:07pm    From-Biscaglie & Walsh              2026598536           T-550    P.004    F-231

damages which Plaintiffs intend to assert in this case. This request encompasses any document in the possession of third parties which Plaintiffs are entitled to obtain, including medical records, mental health records, counseling records, attorneys' files, etc.

**Response:** Please see funeral bill which has already been supplied to you.

3. Any and all documents in any way relating or referring to the damages claimed by Plaintiffs, including, but not limited to, writings or notations computing the amount of the alleged damages.

**Response:** None at present. Plaintiff's economist should be able to complete his preliminary report very shortly and this will be sent to you.

4. Any and all documents, notes, records, tape-recordings, computer programs, or other documents or things in Plaintiffs possession, including, but not limited to, any and all notebooks, memoranda, personal notes, letters, diaries, chronicles, journals, logbooks, appointment books, calendars and/or schedules, maintained by Plaintiff, at any time since March 26, 2005, to the present which in any way relate or refer to any allegation, conversation, transaction, or event alleged, related to or referred to in Plaintiffs' Complaint or Defendants' Answer thereto.

**Response:** Plaintiff has no tape recordings or computer programs which are responsive to this request. Plaintiff's counsel does have notes of interviews and notes of his visit to the scene. Plaintiff asserts the attorney work product privilege with respect to these documents.

Sep-08-06   02:08pm   From-Bisceglia & Walsh           2026599536              T-550   P.005   F-231

5. For the period January 1, 2000, to the present, all documents in any way relating to, referring to, or describing the amount and source of any income received by or accruing to Plaintiffs, from any source, including self employment, including, but not limited to, federal and state income tax returns, W-2 Forms, IRS Forms 1099, commission checks, payroll check stubs, interest and dividend statements, rents, unemployment and workers' compensation benefits, state or federal welfare income and/or disability benefits, claims and settlements.

**Response:** Plaintiff is in the process of attempting to gather documents which would be responsive to this request.

6. Any and all documents which constitute, relate or refer to records of any kind which Plaintiffs submitted to, and/or received from, the University Police Department (UPD) and/or the District of Columbia Metropolitan Police Department.

**Response:** None at present.

7. All documents in any way relating or referring to, referencing, identifying, or concerning matters addressed in the Defendants' First Set of Interrogatories and/or Plaintiffs' Responses to those Interrogatories.

**Response:** Please see documents which have already been supplied to you.

8. All documents sent, provided to, and/or received from any Defendant (including agents, representatives, students, or employees) concerning, referencing, or in any way relating to the alleged events of March 26, 2005 and March 27, 2005.

**Response:** Plaintiff's counsel has an E-Mail to a GW student and a response from that student. Plaintiff claims that this is protected from disclosure by the attorney work product privilege. There is also an E-Mail from Tracy Schario who is an employee of G.W. This is enclosed.

9. Any and all records maintained by any physician, hospital, psychologist, social worker or other health care provider who rendered any treatment to Ranjit Singh from March 26, 1995 through March 27, 2005, including but not limited to medical records, treatment notes, consultation notes, and statements or charges for services rendered.

**Response:** Please see Death Certificate. Records have been requested from the Medical Examiner's Office and from George Washington University Hospital, as well as the Ambulance service. When these documents are received, copies will be provided to you.

10. Any and all documents reflecting all drugs and medicines, whether prescribed or over-the-counter, taken by Ranjit Singh from March 26, 1995, through March 27, 2005.

**Response:** None known

11. Any and all letters, e-mails, correspondence, memoranda, notes, diary entries, or

any other written or transcribed communication or record of any such communication or meeting between Plaintiffs and Defendants and any of its current or former directors, agents, officers, students, and employees.

**Response:** See above.

12.   Any and all letters, e-mails, correspondence, memoranda, notes, diary entries, or any other written or transcribed communication or record of any such communication or meeting between Plaintiffs and the "friends" and family of Ranjit Singh as set forth in paragraph ¶ 8 of the Complaint.

**Response:** As noted above, counsel has spoken with all of the witnesses listed in plaintiff's answers to interrogatories except police officers and health care providers. Plaintiff is asserting a work product privilege with respect to these notes.

13.   Any and all letters, e-mails, correspondence, memoranda, notes, diary entries, or any other written or transcribed communication or record of any kind between Plaintiffs and anyone (other than their attorneys) concerning, relating, or referring in any manner to the events of March 26, 2005 and March 27, 2005.

**Response:** Please see enclosed correspondence requesting medical records, Correspondence with GSA, correspondence to and from the office of Norman Bates, the D.C. Ambulance service, and GW Univ. Hospital.

14.   Any and all letters, e-mails, correspondence, memoranda, notes, or any other

Sep-08-06  02:08pm  From-Bisceglie & Walsh         2026599696        T-550  P.008/028  F-231

written or transcribed communication or documents in any way related to any such communication between Plaintiffs and any person, agency, bureau, department, association, corporation, and the like, including, but not limited to, federal and/or state, local or commonwealth agencies, bureaus, offices, and departments, which refer or relate to any of the allegations, claims, or statements set forth in Plaintiffs' Complaint, or which refer or relate to any of the events, transactions, occurrences, or conduct on which this lawsuit is based.

**Response:** Please see documents previously supplied or enclosed herewith.

15. Any and all documents and materials in the possession, access, or control of Plaintiffs that show Plaintiffs duties, responsibilities, obligations, and activities for any employer, business, organization, association, and the like from which Plaintiffs receive or has received compensation of any form from January 1, 2005 through the present.

**Response:** Plaintiff is in the process of attempting to gather information which is responsive to this request and will supply and documents which be obtains.

16. Any and all documents related to any lawsuit or other legal action to which Plaintiffs have been a party either as a plaintiff or a defendant.

**Response:** None

17. Any and all documents related to any criminal investigation or charges surrounding the assault which led to the death of Ranjit Singh.

**Response:** None

18. Any and all documents representing the fee and representation agreement(s) between Plaintiffs and their attorneys.

**Response:** Plaintiff objects to the disclosure of the fee agreement. It is irrelevant to any issue in this case and the request is not reasonably calculated to lead to the discovery of admissible evidence for use at trial.

19. Any and all documents and materials in the possession, access, or control of Plaintiffs which in any way establish, support, discredit, or relate to any allegations that Plaintiffs suffered injury, pain, suffering, mental aguish, loss of future earnings, services, assistance, and all other pecuniary, and non-pecuniary losses as alleged in the Complaint.

**Response:** See Death Certificate. Plaintiff's notes of interviews with eyewitness deal with this issue. Plaintiff is asserting a work product privilege with respect to these notes.

20. Any and all written statements rendered or provided by persons contacted or interviewed in connection with this matter.

**Response:** Plaintiff has no written statements. Please see E-Mail included herewith.

21. Any and all written statements, memoranda, letters, e-mails or correspondence of any kind received from persons whom Plaintiffs may call as a witness at the trial of this matter,

or whom Plaintiffs believe has information relevant to this lawsuit.

**Response:** None except correspondence from Norman Bates which is enclosed.

22.  Any and all reports rendered by experts who have been consulted and/or retained for this litigation by Plaintiffs.

**Response:** Plaintiff will supply the reports of Norman Bates and Dr. Lurito as soon as they are obtained.

23.  Any and all documents or letters which Plaintiffs, and their representatives, have sent to or received from potential witnesses in this matter and other persons whom Plaintiffs believe have information relevant to this lawsuit.

**Response:** None other than those previously disclosed.

24.  Any and all documents or letters which Plaintiffs, and their representatives, have sent to or received from experts in this matter, whether consulted or retained.

**Response:** Please see enclosed correspondence with the office of Norman Bates

25.  Any and all documents, including any statements, correspondence, notes and/or minutes of meetings, reports or summaries regarding any and all meetings and/or investigations conducted by Geoffrey Allen and his law firm regarding Plaintiffs' claims

**Response:** As noted above, plaintiff's counsel has notes of interviews with eyewitnesses and a site inspection. Plaintiff asserts a attorney work product privilege with respect to these notes.

26.  Any and all documents, including audio or video tapes which Plaintiffs or their

representatives have secured in this matter.

**Response:** Plaintiff has no audio or video tapes.

27. Any and all documents received by subpoena in this case.

**Response:** None

28. Any and all documents related to any arrests, convictions, restraining orders, or injunctions involving Plaintiffs from March 26, 1995, through the present.

**Response:** None

29. Any and all documents that demonstrate or evidence Ranjit Singh's training, education, experience, employment qualifications, and employment history.

**Response:** None at present.

30. Any and all documents supplied to and received from any other Defendant in response to discovery in this case.

**Response:** None

31 Any and all non-privileged documents upon which Plaintiffs will rely in support of their claims in this case.

**Response:** Please see newspaper articles already supplied to you

32. Any and all documents regarding the Bhangra Blowout events over the last ten

years.

    **Response:** Please see newspaper articles already supplied to you

    33.    Any and all documents pertaining to Gurpal Singh's petition to serve as Administrator of Ranjit Singh's estate, including any Court Order or related documents authorizing Mr. Singh to serve as Administrator Ad Prosequendum as alleged in paragraph ¶ 3 of the Complaint.

    **Response:** Please see materials already supplied.

                                                         Geoffrey D. Allen
                                                        D.C. Bar 288142
                                                        1730 Rhode Island Ave, N.W.
                                                        Suite 206
                                                        Washington D.C. 20036

### Certificate of Service

I certify that a copy of this motion was served on Timothy Romberger Esq. Khan Romberger PLLC, 1025 Connecticut Ave. N.W Suite 1000, Washington D.C. 20036 by first class mail, postage prepaid on this ___ day of September 2006. I also certify that a copy was faxed to Timothy Romberger Esq. at (202) 882 8756 on the same date.

                                                         Geoffrey D. Allen