IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA.

| | |
|---|---|
| **Gurpal Singh, as** : <br> **Administrator Ad Prosequendum** : <br> **of decedent Ranjit Singh.** : <br> **And Gurpal Singh and Kulwinder** : <br> **Kaur as Parents of Ranjit Singh** : <br> **319 Mercer St.,** : <br> **Phillipsburg, N.J.     08865** : <br>   : <br>     **Plaintiffs** : <br>   : <br>   : **Civil Action No.  06-0574(RMC)** <br>           **v.** : <br>   : <br> **South Asian Society of The George** : <br> **Washington University** : <br> **2121 Eye Street, N.W.** : <br> **Washington, D.C. 20052** : <br>   : <br>   : <br>   : <br>         **And,** : <br>   : <br> **George Washington University** : <br> **2121 Eye Street, N.W.** : <br> **Washington, D.C. 20052** : <br>   : <br>   : <br>         **And,** : <br>   : <br> **Falcon Security Corp.** : <br> **3123 82nd Ave.** : <br> **Landover Md.** : <br> **20785** : <br>   : <br>   : <br>         **And,** : <br>   : <br> **United States of America** : <br> **Department of Justice** : <br> **950 Pennsylvania Ave., NW** : <br> **Washington, DC 20530** : <br>   : <br>         **And,** : <br>   : | |

1

| | |
|---|---|
| **Hill Partners Inc** | : |
| **Pavilion at the Old Post Office** | : |
| **1100 Pennsylvania ave. N.W.** | : |
| **Washington  DC** | : |
| **20004** | : |
| | : |
| **And,** | : |
| | : |
| **SecTek Inc.** | : |
| **11413 Isaac Newton Square S,** | : |
| **Reston Va 20190** | : |
| | : |
| **Defendants.** | : |

## SECOND AMENDED COMPLAINT

### I. Jurisdiction

1. This action is brought pursuant to the common law of the District of Columbia and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, et seq.  Jurisdiction is founded upon the D.C. Code §11-921, 12-101 and 16-2701.

### II.  Parties

2. Plaintiff, Gurpal Singh is the father and the duly appointed Administrator Ad Prosequendum of Ranjit Singh,  having been appointed by the Surrogate's Court of Warren County in the state of New Jersey on December 13, 2005.  As such he authorized by New Jersey law to bring this action on behalf of the Estate of Ranjit Singh.

3. Defendant, South Asian Society of the George Washington University (hereinafter, "SAS") is a non-profit organization of George Washington University students,  that  was established to maintain and promote South Asian culture.

4. Defendant, George Washington University (hereinafter, "GWU") is a private university which operates in the District of Columbia

5. Defendant, Falcon Security Corp.(hereinafter "Falcon") is a security services company which operated in the District of Columbia on or about March 27, 2005.

6. Defendant SecTek Inc. (hereinafter "SecTek") is a security services company which operated in the District of Columbia on or about March 27, 2005.

7. Defendant, Hill Partners Inc, is a property management company which operated in the District of Columbia on or about March 27, 2005.

8. Defendant, United States of America is the lawfully constituted government and operates in the District of Columbia.

### III. Factual Allegations

9. Defendant, United States of America operates in the District of Columbia through its General Services Administration (hereinafter "GSA") and its Department of Homeland Security (herinafter "DHS"). The Old Post Office Pavilion is and at all material times hereto, was owned and operated by the United States of America through GSA and DHS. GSA entered into a contract with George Washington University and SAS to rent space at the building for the "Bhangra Blowout" party to take place at the building on March 26-27, 2005. It was aware that alcohol would be served and that a thousand people were likely to be in attendance. It failed to provide any security services for the exit from the building used by plaintiff to leave the building after the event was closed at about 2.00 a.m. Plaintiff supplied notice of his claims as required by the Federal Tort Claims Act , 28 U.S.C 2672. Receipt of the claim was

acknowledged on March 29, 2006 and the claim was denied by the United States on September 27, 2006. Plaintiffs have therefore exhausted their administrative remedies.

10. SAS and GWU jointly organized, promoted and funded, an annual event known as the "Bhangra Blowout." Bhangra is is a traditional style of music and dance originating from the Indian sub-continent. The "Bhangra Blowout" is a festival in which top university teams from around the world take the stage each year to compete for cash prizes. In 2005 it had several components, including a party at the end of the contest which was held at the Old Post Office pavilion located at 1100 Pennsylvania Ave NW, Washington, DC 20004. This event was attended by approximately 1,250 persons. Alcohol was served to patrons over the age of twenty one. The event began at 7.00 p.m. on March 26, 2005 and was supposed to continue until 3.00 a.m. the next morning, but it appears that the event was shut down at around 2.00 a.m. in the middle of a performance. Falcon was hired by SAS to provide security services at the event. Upon information and belief, it provided security guards, made decisions concerning their deployment, and participated in the planning for the event.

11. Hill Partners Inc. upon information and belief, pursuant to a contract with the building owners, provided property management services at the Old Post Office Pavilion on March 26-27, 2005. Included in these services, was the provision of security at the building on these dates. Hill Partners, Inc made decisions regarding the number and type of security officers to be employed at the event and their deployment.

12. Upon information and belief, SecTek had security responsibilities at the Old Post Office Pavilion on March 26-27, 2005, it provided security guards for the event, and it

participated in decisions regarding the number and type of guards and their deployment during the event.

13. Ranjit Singh and several of his friends traveled from the Phillipsburg, New Jersey area on March 27, 2005 to attend the party at the Post Office Pavilion. About forty five minutes before the event ended, a member of Ranjit Singh's group became involved in a dispute with another male patron. Some shoving and pushing may have occurred but eventually, the parties involved calmed down and actually shook hands. No security guards intervened in this incident and Ranjit Singh was not involved . After the party was ended Ranjit Singh left the event through a side exit. Several of his friends had already left through the same exit just before him. As Singh's friends were on the top of some steps which led down to the sidewalk, but still on Post Office Pavilion property, they were approached by an individual they had seen earlier inside the building and whom it is believed was a friend of the other party involved in the dispute which had occurred inside the building. He was talking unintelligibly, had an unsteady gait and was making fists and gesticulating in an angry manner. They managed to disengage from him without incident and began to walk down the street. As Ranjit Singh followed his friends onto to the steps, the same individual approached him and again began to act in a very agitated manner. He was talking loudly and in an aggressive manner. Ranjit Singh walked down the steps and onto the sidewalk where he was attacked by this individual and suffered a stab wound to his chest which severed his left axillary artery. The attack occurred approximately ten feet from the bottom of the steps. Ranjit Singh was taken to George Washington University Hospital where he was pronounced dead at 3.20 a.m. on March 27, 2005. The identity of the assailant is unknown.

14. Upon information and belief, there had been a number of assaults at this event in previous years. In an effort to control the number of such incidents, attendance in 2005 was reduced and security was increased inside the building. However, no security guards were present at the exits after the event was shut down. The lighting was poor and the top of the steps where these events began, contained areas to the side of the steps, where it was easy to wait for persons leaving the event.

### IV. Causes Of Action

### COUNT ONE

(Negligence - Failure To Provide Security- All Defendants)

15. Plaintiff hereby incorporates paragraphs 1 through 14, *supra*, by reference.

16. Defendants, failed to provide a reasonable level of security to persons exiting the event at the Old Office Pavillion on March 27, 2005. In particular, they failed to station security guards at the exits to help ensure that the persons leaving the event were able to do so in an orderly and peaceful manner.

17. Defendants knew or should have known that, due to the lack of security measures, it was reasonably foreseeable that patrons leaving this event, including plaintiff could be assaulted and injured.

18. As a direct and proximate result of the above-described negligence, plaintiff was assaulted with a knife. He suffered grave bodily injury and death. He experienced bodily pain

and mental anguish. He suffered pecuniary loss, including, but not limited to, hospital and medical expenses and loss of future earnings.

WHEREFORE, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $2,000,000 (Two Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

## COUNT TWO

(Negligent Selection, Retention and Supervision of Security Provider-
George Washington University; SAS; Hill Partners, Inc., United States of America)

19. Plaintiff hereby incorporates paragraphs 1 through 18, *supra*, by reference.

20. Defendants, GWU and SAS negligently selected, retained and supervised Falcon. The United States and/or Hill Partners, Inc negligently selected, retained and supervised SecTec Inc.

21. As a direct and proximate result of the above-described negligence, plaintiff was assaulted with a knife  He suffered grave bodily injury leading to death . He experienced bodily pain and mental anguish, and he suffered pecuniary loss, including, but not limited to, hospital and medical expenses and loss of future earnings.

WHEREFORE, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $2,000,000 (Two Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

## COUNT THREE

(Breach of Contract- Falcon Security Inc., SecTec, Inc, Hill Partners, Inc.)

22. Plaintiff hereby incorporates paragraphs 1 through 21, *supra*, by reference.

23. Falcon and/or SecTec and/or Hill Partners, Inc. entered into contracts to provide security services at the building for the above mentioned event. Such contracts were intended to benefit third parties, namely persons lawfully entering onto and leaving the Old Post Office Pavilion, such as Ranjit Singh.

24. By failing to provide adequate or reasonable security services at the exit used by Ranjit Singh, on March 27, 2005, Falcon, and/or SecTec and/or Hill Partners, Inc. materially breached such contracts.

25. Said breaches of contract proximately caused Ranjit Singh to be fatally stabbed as described above.

WHEREFORE, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $2,000,000 (Two Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

## COUNT FOUR

(Wrongful Death-George Washington University; SAS; United States of America)

26. Plaintiff hereby incorporates paragraphs 1 through 25, supra, by reference.

27. As a direct and proximate result of the above-described negligence, decedent Ranjit Singh died on March 27, 2004. There were no intervening or superseding causes contributing to his death.

28. As a direct and proximate result of the above-described negligence and the ensuing death of Ranjit Singh, his mother, Kulwinder Kaur, and his father, Gurpal Singh, suffered the loss of the decedent's future earnings, services and assistance, and other pecuniary benefit which they would have derived had the decedent survived.

WHEREFORE, plaintiff prays for a judgment against defendants awarding compensatory damages in the amount of $2,000,000 (Two Million Dollars), costs of this suit, and any other relief deemed appropriate by the court.

By:_____
Geoffrey D. Allen
D.C. Bar No. 288142
1730 Rhode Island Ave. N.W.
Suite 206
Washington, DC  20009
(202) 778-1167
Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands trial by jury as to all counts herein which are jury demandable.

_____
Geoffrey D. Allen

9