**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GURPAL SINGH, Administrator of decedent RANJIT SINGH, et al. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  06-0574 (RMC) |
| | ) | |
| vs. | ) | |
| | ) | |
| SOUTH ASIAN SOCIETY OF THE GEORGE WASHINGTON UNIVERSITY, THE GEORGE WASHINGTON UNIVERSITY, and FALCON SECURITY CORPORATION, | ) ) ) ) | Next Scheduled Event: 11/21/06     Scheduling Conference |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION
TO PLAINTIFFS' SECOND MOTION TO AMEND COMPLAINT**

Defendants, The George Washington University, and the South Asian Society of the

George Washington University (hereinafter "Defendants"), by and through their undersigned

attorneys, hereby file the instant Opposition to Plaintiffs' Second Motion to Amend the

Complaint by stating as follows:

**ARGUMENT**

I.

The Defendants oppose Plaintiffs request to – once again– permit another amendment to

the complaint to add three additional party Defendants to this case, including the United States,

Hill Partners, Inc., and SecTek.  At the outset, it is notable that Plaintiffs do not enjoy an absolute

or automatic right to amend at this point in the proceedings.  The request to amend a complaint is

governed by Fed.R.Civ.P. 15(a).[1]  Having already amended the complaint once in this case,

_____

[1]    It is also governed to some extent by Fed.R.Civ.P. 21.

Plaintiffs' request for this subsequent amendment requires leave of Court, and is subject to the

Court's broad discretion. <u>Banks v. S. Elwood York, Jr.</u>, 2006 U.S. Dist. Lexis 66074 (D.D.C.

2006). The Court should exercise it's discretion by denying the proposed inclusion of these new

parties, which would result in having no less than six party Defendants to this action.

II.

Although it is well settled that leave to amend should 'be freely given when justice so

requires,' Fed.R.Civ.P. 15(a), such permission may be withheld if the party seeking the

amendment is guilty of undue delay, bad faith, dilatory motive, or if permission would present

prejudice to the non-moving party. <u>Id</u>; *See also* <u>Foman v. Davis</u>, 371 U.S. 178 (1962). In this

case, Defendants submit that Plaintiffs have been guilty of such transgressions, the result of

which warrants denial of the proposed amendment.

The proposed additional parties to this lawsuit are (1) the United States, which through

the General Services Administration, owns and controls the Old Post Office Pavilion, (2) Hill

Partners, Inc., the property management company at the Old Post Office Pavilion; and (3)

SecTek, Inc., who is under contract with the government to provide security at this building.

Contrary to the disingenuous suggestion by Plaintiffs in their motion that they have just learned

of these parties "[a]s a result of discovery conduct in this case so far..." (Mot., p. 3), it has long

been known by the Plaintiffs, Defendants, and even this Court that the Old Post Office Pavilion

was owned and controlled by the government and its agents. Had Plaintiffs even conducted

cursory research prior to filing suit eight months ago, they could have easily determined the

2

identity of Hill Partners and SecTek and initially included them in this lawsuit. Reviewing the

Old Post Office Pavilion website, issuing a Freedom of Information Act request, or simply

talking to witnesses would have revealed this. Instead, Plaintiffs sat-back, did little to no

background investigation, and brought suit against the University and its student group, entities

which did not even perform security functions at the event at issue. Ever since discovery first

commenced in this case, plaintiffs also did not issue any subpoenas, take any depositions, or

utilize any discovery mechanisms to ascertain this information. Instead, they waited for the

University's undersigned counsel to issues subpoenas –actions which it has been doing as part of

its own investigation into the facts and occurrences in this case– and had the further audacity to

repeatedly slander the University by suggesting that it was somehow withholding information –

which it most certainly has not.[2]

In addition to this undue delay and bad faith, Plaintiffs have engaged in dilatory tactics

since the inception of this lawsuit, including not timely answering the University's discovery,

refusing to allow the University to conduct depositions of Plaintiffs, and not designating experts

within the time frames set forth in the initial Scheduling Order, amongst other issues. Plaintiffs

should not continually be rewarded for their languor in this case, and the University and this

Court will be prejudiced by the inclusion of additional parties in terms of resources and time

attendant with the inclusion of additional parties and the resultant multiple attorneys and heavy

---

[2]   It is worth pointing out that the University promptly disclosed – as far back as early
August – that Falcon Security Corporation performed some security work at the event, and did
not oppose Plaintiffs first motion to amend to add this party.

costs of discovery that will no doubt flow from this.

**CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiffs' Second Motion to Amend

the Complaint.

Respectfully submitted,

**KHAN ROMBERGER PLLC**

/s/

By: _____

    Karen A. Khan
    D.C. Bar No. 455297
    1025 Connecticut Ave., N.W.
    Suite 1000
    Washington, D.C. 20036
    (202) 828-1243
    ATTORNEYS FOR DEFENDANTS

Date: __October 30, 2006__