IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GURPAL SINGH, as Administrator of decedent RANJIT SINGH, : : : Plaintiffs, : : v. : : : SOUTH ASIAN SOCIETY OF THE GEORGE : WASHINGTON UNIVERSITY, : Et Al., : Defendants. : | Civil Action No. 06 0574 RMC |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO SECOND MOTION TO AMEND THE COMPLAINT**

Plaintiff, through counsel, respectfully responds to defendant's opposition to plaintiff's second motion to amend the complaint.  Firstly, defendants claim that plaintiffs are being "disingenuous" because they claimed they "just learned" of the identity of the United States, Hill Partners Inc. and SecTec Inc.    In fact, this over simplifies plaintiff's position.  Plaintiff's indicated in their motion, that they were statutorily unable to add the United States until plaintiff's administrative claims were denied, which they were, on September 28, 2006.  By that time, plaintiffs had become aware of SecTec Inc for the first time through a subpoena issued by defendants.  Prior to that, SecTec Inc had not been mentioned as a security provider by defendants even though plaintiff specifically asked for the identity of any security providers at the event, in their interrogatories to defendants.    The return date on the subpoena was October 13, 2006.  It was issued on September 21, 2006.  Defendants supplied documents that were provided in response to that subpoena on Friday, October 13, 2006.  Those documents supplied additional information on the involvement of all of the parties plaintiffs now seek to add as

defendants.  On Monday October 16, 2006 plaintiff tried to determine defendant's position on a motion to amend to add these parties as defendants.  In fact, defendants refused to confer on this motion, despite repeated efforts by plaintiffs to get them to do so and  on  October 18, 2006, plaintiffs filed their motion.  Prior to October 13, 2006, plaintiff had no information at all as to what role SecTec had  played in providing security at the event.  Clearly, though,  defendants did have some information which they did not share with plaintiffs in their answers to interrogatories even though they were under a continuing duty to do so.   It certainly appears that defendants failed to provide requested  information to plaintiffs and that  now  complain that plaintiffs should have found out about SecTec sooner,  a rather contradictory position to say the least.

With respect to Hill Partners Inc, all that plaintiffs knew for certain was defendant's interrogatory answer wherein they stated that "upon information and belief" Hill Partners, Inc. provided security services at the event in question.  As of September 21, 2006, the date the subpoena was issued, plaintiffs knew that they were likely to find out more when the subpoena was responded to.  Rather than file "serial" motions to amend, plaintiffs thought it more sensible to wait for a comparatively short period of time, look at the documents and then make a decision on Hill Partners.  This was fully explained in plaintiff's motion so why defendants think that plaintiffs are being "disingenuous"  is difficult to understand.  With respect to the United States, again,  since plaintiffs knew that further documents would be available on October 13, 2006 it also seemed prudent to review them before making a decision on adding it as a defendant.

Defendants claim that "cursory research" would have led to plaintiffs easily being able o determine the identity of Hill Partners and SecTek Inc as providers of security at the event.   Just

how the specific providers of security for a particular event were supposed to be determined is unclear.  Certainly, the specific security providers of security services at the Bhangra Blowout party are nowhere identified on any website that defendants mention in their motion. A freedom of information request would not lie for a private company. Defendants complain that plaintiffs have not taken any depositions.  That is because the court suspended depositions until a new party entered the case, as defendants know full well.   It is true that plaintiffs did not issue a subpoena but that was because defendants had already done so.

      Defendants greatly exaggerate plaintiffs supposed inactivity.  In fact, interrogatories have been answered, witness lists furnished, and an expert's report has been prepared and provided to defendants.  Other documents such as ambulance reports and autopsy reports have been obtained and supplied to defendants.   What slight delay has occurred was due mainly, to an understandable desire to actually look at relevant documents prior to making a decision on who to seek to add as a defendant in this lawsuit.   Moreover, defendants despite defendants' overblown invective, they fail to identify any prejudice.  Discovery has been largely suspended per the court's order and pursuant to that order, no depositions have been taken.   Defendants have not been required to do anything that which they might have to do again if the motion is granted.   Plaintiffs have acted reasonably and prudently and out of a due regard for the need to carefully examine available evidence prior to filing suit.  Defendants' motion is mainly an exercise aimed at hurling insults at plaintiffs.  Its lack of professional decorum does not however disguise its lack of any genuine merit.

      Plaintiffs respectfully submit that their motion should be granted.

_____
Geoffrey D. Allen
DC Bar # 288142
1730 Rhode Island Ave, N.W.
Suite 206
Washington, D.C.  20036
Counsel for Plaintiff
(202) 778-1167