UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GURPAL SINGH, Administrator of decedent RANJIT SINGH<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOUTH ASIAN SOCIETY OF THE GEORGE WASHINGTON UNIVERSITY, *et al.*,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action Number 06-0574 (RMC)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION OF CHIEF CHARLES H. RAMSEY FOR PROTECTIVE ORDER

Chief Charles H. Ramsey, through counsel and pursuant to Fed. R. Civ. P. 26(c) and 45(c), respectfully moves for a protective order quashing the subpoena that Defendant George Washington University ("GWU") served upon him. In support of this motion, Chief Ramsey submits that the law enforcement privilege protects from disclosure the subpoenaed documents and related information.

The grounds for this motion are fully set forth in the accompanying Memorandum of Points and Authorities, which is attached hereto and incorporated by reference.

　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　ROBERT J. SPAGNOLETTI
　　　　　　　　　　　　　　　　　　Attorney General


　　　　　　　　　　　　　　　　　　GEORGE C. VALENTINE
　　　　　　　　　　　　　　　　　　Deputy Attorney General, Civil Litigation Division

      /s/
NICOLE L. LYNCH [471953]
Section Chief
General Litigation Section II


      /s/
JAMES H. VRICOS [474026]
Assistant Attorney General
441 4th Street, N.W., S674
Washington, D.C. 20001
(202) 442-6600
(202) 727-3625 (fax)
James.Vricos@dc.gov


## RULE 7.1(m) CERTIFICATE

On October 25, 2006, undersigned counsel left a phone message informing counsel for defendant George Washington University, Timothy Romberger, of the undersigned counsel's intention of filing the above styled motion. Undersigned has not heard for Mr. Romberger as of the filing of this motion.

      /s/
JAMES H. VRICOS
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GURPAL SINGH, Administrator of decedent RANJIT SINGH <br><br> Plaintiff, <br><br> v. <br><br> SOUTH ASIAN SOCIETY OF THE GEORGE WASHINGTON UNIVERSITY, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action Number 06-0574 (RMC) ) ) ) ) ) ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CHIEF CHARLES H. RAMSEY FOR PROTECTIVE ORDER

I.  INTRODUCTION

Chief Charles Ramsey of the Metropolitan Police Department is entitled to a protective order quashing the subpoena issued for production of documents on August 10, 2006. This subpoena requests documents regarding a pending homicide investigation by the Metropolitan Police Department ("MPD"). Because the law enforcement privilege protects such documents and related information from disclosure, the Court should quash the subpoena.

In the underlying action, plaintiff Gurpal Singh, as Administrator for decedent Ranjit Singh, filed a wrongful death and negligence lawsuit against, among others, GWU. The claims arise out of the apparent murder of Ranjit Singh on March 27, 2005 who was attending a function hosted by GWU. Since that date, the Metropolitan Police Department has initiated a homicide investigation concerning the death of Ranjit Singh. This investigation remains ongoing. Defendant GWU now seeks to obtain information from the Metropolitan Police Department's ongoing criminal investigation of the murder of Mr. Singh.

The subpoena broadly requests that Chief Ramsey produce "[t]he entire police file relative to the investigation surrounding the assault and death of Ranjit Singh…" and "[a]ll incident reports and police files for any crime alleged to have been committed at the Old Post Office Pavilion or within two blocks of the Old Post Office Pavilion from March of 2000 though March of 2005." (Exhibit A.).

II.  ARGUMENT

    A.  The Law Enforcement Privilege Protects the Documents and Information Sought Through the Subpoena.

The law enforcement privilege is a qualified, common law privilege that is designed to protect the integrity of law enforcement investigations. Black v. Sheraton Corp. of America, 564 F.2d 531, 541-42 (D.C. Cir. 1977). "The purpose of the privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." In re Department of Investigation, 856 F.2d 481, 484 (2d. Cir. 1988).

Assertion of the law enforcement privilege requires: "(1) a formal claim of privilege by the 'head of the department' having control over the requested information; (2) assertion of the privilege based on actual personal consideration by that official; and (3) a detailed specification of the information for which the privilege is claimed, with an explanation why it properly falls within the scope of the privilege." Landry v. FDIC, 204 F.3d 1125, 1135 (D.C. Cir. 2000), citing In re Sealed Case, 856 F.2d 268 at 271. Because the privilege is qualified, the Court must also weigh "the public interest in non-disclosure . . . against the need of a particular litigant for access

2

to the privileged information." In re Sealed Case, 856 F.2d at 272 (stating various factors to be considered).

In the present case, the law enforcement privilege precludes disclosure of the documents and any related information requested in the subpoena. Through the attached declaration, Commander Michael Anzallo declares that he is the head of the division having control over the requested information and formally claims the privilege based on his familiarity with the ongoing criminal investigation and his own review of the file documents. (Exhibit B). Commander Anzallo further declares that the documents requested have been compiled pursuant to an ongoing homicide investigation and that the disclosure would compromise the ability of law enforcement officials to obtain future cooperation from citizen witnesses concerning this ongoing investigation.

The compelling public interest in preventing disclosure in this case outweighs any competing interests. The fact that the matter is an ongoing murder investigation is an especially strong factor against disclosure. See In re Sealed Case, 856 F.2d at 272 (sixth factor). As this Court has recognized, disclosure of information may impede an ongoing investigation if "third parties who have potential liability for the acts under investigation are apprised of the state of the [official] inquiry into the matter." In re United Telecommunications, Inc., 799 F. Supp. 1206, 1209 (D.D.C. 1992). It is also recognized that "there is a certain inherent interference in the [investigating agency's] operations that results merely from requiring the [agency] to divert its attention from its investigation to document production in a private civil action." Id. Thus, in balancing the relevant factors, this Court should determine that the law enforcement privilege protects Chief Ramsey from being required to testify at a deposition and produce the subpoenaed documents.

For the foregoing reasons, Chief Ramsey respectfully requests a protective order quashing the subpoena that defendant served upon him.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation Section II

_____/s/_____
JAMES H. VRICOS [474026]
Assistant Attorney General
441 4th Street, N.W., S674
Washington, D.C. 20001
(202) 442-6600
(202) 727-3625 (fax)
James.Vricos@dc.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants Motion for Protective Order was sent on this ___8th___ day of November, 2006 via electronic filing or via first class mail, postage prepaid, to:

Timothy Romberger, Esq.
Khan Romberger PLLC
1025 Connecticut Avenue, N.W., Suite 1000
Washington, D.C. 20036

_____/s/_____
JAMES H. VRICOS
Assistant Attorney General

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GURPAL SINGH, Administrator of decedent RANJIT SINGH <br><br> Plaintiff, <br><br> v. <br><br> SOUTH ASIAN SOCIETY OF THE GEORGE WASHINGTON UNIVERSITY, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) Civil Action Number 06-0574 (RMC) ) ) ) ) ) ) |

### ORDER

Upon the motion of Chief Charles H. Ramsey for protective order, the memorandum of points and authorities in support thereof, any opposition thereto, the entire record herein and for good cause shown it is this _____ day of _____, 2006,

ORDERED, that the motion for protective order is hereby GRANTED, and it is further,

ORDERED, that any and all subpoenas served upon Chief Ramsey in this matter are hereby quashed.

_____
U.S. DISTRICT COURT JUDGE