IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GURPAL SINGH, Administrator of decedent RANJIT SINGH, | ) ) ) |
| Plaintiff, | ) Civil Action No. 06-00574 (RMC) ) |
| vs. | ) ) |
| SOUTH ASIAN SOCIETY OF THE GEORGE WASHINGTON UNIVERSITY, THE GEORGE WASHINGTON UNIVERSITY, FALCON SECURITY CORPORATION, UNITED STATES OF AMERICA, HILL PARTNERS, INC., and SECTEK, INC., | ) ) Next Scheduled Event: 11/21/06 ) Status Conference ) ) ) |
| Defendants. | ) |

**ANSWER TO SECOND AMENDED COMPLAINT**

**COMES NOW**, The George Washington University, and the South Asian Society of the George Washington University (hereinafter "Defendants"), by and through their counsel, and collectively Answer Plaintiff's Second Amended Complaint, by stating as follows:

**AS TO "JURISDICTION"**

1.    Defendants deny each and every allegation contained in paragraph 1 of the Second Amended Complaint, except admit that Plaintiff is attempting to invoke the jurisdiction of this court.

**AS TO "PARTIES"**

2.    Defendants deny each and every allegation contained in paragraph 2 of the Second Amended Complaint, except admit that Gurpal Singh holds himself out as the father and appointed Administrator Ad Prosequendum of the estate of Ranjit Singh for purposes of

this case.

3. Defendants deny each and every allegation contained in paragraph 3 of the Second Amended Complaint, except admit that the South Asian Society is a student club available to those interested in South Asian culture.

4. Admitted.

5. No response is required to the allegations contained in paragraph 5 of the Second Amended Complaint as it is directed as a party other than answering Defendants. To the extent a response is required, Defendants admit that Falcon Security Corporation is a security services company.

6. No response is required to the allegations contained in paragraph 6 of the Second Amended Complaint as it is directed as a party other than answering Defendants.

7. No response is required to the allegations contained in paragraph 7 of the Second Amended Complaint as it is directed as a party other than answering Defendants.

8. No response is required to the allegations contained in paragraph 8 of the Second Amended Complaint as it is directed as a party other than answering Defendants.

**AS TO "FACTUAL ALLEGATIONS"**

9. Defendants deny each and every allegation contained in paragraph 9 of the Second Amended Complaint, except admit that the George Washington University and the General Services Administration executed a Special Events License Agreement for use of portions of the Old Office Post Office Pavilion on the evening of March 26, 2005 through

March 27, 2005. It is also admitted that the Defendants were aware that alcohol was available to be purchased by attendees who were of legal age. Upon information and belief, Defendants are also of the understanding that the Old Post Office Pavilion is owned and operated by the government through the General Services Administration. No response is required to the remaining allegations contained in this paragraph as they are directed at parties other than answering Defendants, and further contain conclusions of law to which no response is required.

      10.    Defendants deny each and every allegation contained in paragraph 10 of the Second Amended Complaint, except admit that the George Washington University – in connection with one of its' student groups, the South Asian Society– sponsored an event known as the Bhangra Blowout on or about March 26, 2005 at the Old Post Office Pavilion located at 1100 Pennsylvania Avenue in the District of Columbia. It is further admitted that alcohol was available to legal aged patrons at the event, and that Falcon Security Corporation was hired to provide security at the event.

      11.    No response is required to the allegations contained in paragraph 11 of the Second Amended Complaint as it is directed as a party other than answering Defendants. To the extent a response is required, Defendants deny the allegations of this paragraph and strict proof is therefore demanded.

      12.    No response is required to the allegations contained in paragraph 12 of the Second Amended Complaint as it is directed as a party other than answering Defendants. To

the extent a response is required, Defendants deny the allegations of this paragraph and strict proof is therefore demanded.

13. Defendants deny each and every allegation contained in paragraph 13 of the Second Amended Complaint, except admit Ranjit Singh was killed on March 27, 2005.

14. Defendants deny each and every allegation contained in paragraph 14 of the Second Amended Complaint, and strict proof is therefore demanded.

## AS TO "CAUSES OF ACTION"

### AS TO "COUNT ONE"
(Negligence- Failure to Provide Security- All Defendants)

15. Defendants incorporate by reference their responses to paragraphs 1 through 14 of the Second Amended Complaint as if fully set forth herein.

16. The allegations of paragraph 16 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny these allegations, and strict proof is therefore demanded.

17. The allegations of paragraph 17 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny these allegations, and strict proof is therefore demanded.

18. Defendants deny each and every allegation contained in paragraph 18 of the Amended Complaint, except admit that Ranjit Singh was assaulted with a knife and died. The remaining allegations of paragraph 18 constitute conclusions of law to which no response

is required. To the extent a response is required, Defendants deny these allegations, and strict proof is therefore demanded. Defendants are further without knowledge or information sufficient to form a belief concerning the alleged pecuniary and other losses alleged to have been sustained by Plaintiff, and strict proof is therefore demanded.

WHEREFORE, Defendants specifically deny any liability for the conduct alleged, and specifically deny that Plaintiff would be entitled to any relief demanded in the prayer for relief set forth in Count One, and therefore respectfully requests that Plaintiff's claims be dismissed and that judgment be entered against the Plaintiff.

**AS TO "COUNT TWO"**
(Negligent Selection, Retention and Supervision of Security Provider-
George Washington University; SAS; Hill Partners, Inc., United States of America)

19.     Defendants incorporate by reference their responses to paragraphs 1 through 18 of the Second Amended Complaint as if fully set forth herein.

20.     The allegations of paragraph 20 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny these allegations, and strict proof is therefore demanded. No response is required to the remaining allegations contained in paragraph 20 concerning the alleged negligence of parties other than answering Defendants, and strict proof is demanded.

21.     Defendants deny each and every allegation contained in paragraph 21 of the Second Amended Complaint, except admit that Ranjit Singh was assaulted with a knife and died. The remaining allegations of paragraph 21 constitute conclusions of law to which no

response is required. To the extent a response is required, Defendants deny these allegations, and strict proof is therefore demanded. Defendants are further without knowledge or information sufficient to form a belief concerning the alleged pecuniary and other losses alleged to have been sustained by Plaintiff, and strict proof is therefore demanded.

WHEREFORE, Defendants specifically deny any liability for the conduct alleged, and specifically deny that Plaintiff would be entitled to any relief demanded in the prayer for relief set forth in Count Two, and therefore respectfully requests that Plaintiff's claims be dismissed and that judgment be entered against the Plaintiff.

## AS TO "COUNT THREE"
(Breach of Contract- Falcon Security Inc., SecTec, Inc., Hill Partners, Inc.)

22-25. No response is required to the allegations and claims contained in paragraphs 22-25 of the Second Amended Complaint as they are directed at parties other than answering Defendants. To the extent a response is required, Defendants deny the allegations of these paragraphs and strict proof is therefore demanded.

## AS TO "COUNT FOUR"
(Wrongful Death- George Washington University; SAS; United States of America)

26. Defendants incorporate by reference their responses to paragraphs 1 through 25 of the Second Amended Complaint as if fully set forth herein.

27. Defendants deny each and every allegation contained in paragraph 27 of the Second Amended Complaint, except admit that Ranjit Singh died on or about March 27, 2005. The remaining allegations of paragraph 27 constitute conclusions of law to which no

response is required.

28. The allegations of paragraph 28 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny these allegations, and strict proof is therefore demanded. Defendants are further without knowledge or information sufficient to form a belief concerning the alleged pecuniary benefit and other losses alleged to have been sustained by Gurpal Singh and Kulwinder Kaur, and strict proof is therefore demanded.

WHEREFORE, Defendants specifically deny any liability for the conduct alleged, and specifically deny that Plaintiff would be entitled to any relief demanded in the prayer for relief set forth in Count Four, and therefore respectfully requests that Plaintiff's claims be dismissed and that judgment be entered against the Plaintiff.

## AS TO "JURY DEMAND"

It is admitted that Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Second Amended Complaint herein fails to state a cause of action against the Defendants upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, through contributory negligence, assumption of risk, and or unavoidable accident on the part of Ranjit Singh or others.

### THIRD DEFENSE

Plaintiff fails to state a claim because of the negligence of parties other than the Defendants, their agents, employees, and/or servants, and because the alleged injuries were not caused by any alleged acts of Defendants, their agents, employees and/or servants.

### FOURTH DEFENSE

Plaintiff fails to state a claim because any alleged injuries were caused solely and proximately by conditions and/or disease processes, or by the acts or omissions of others for which Defendants are not legally responsible.

### FIFTH DEFENSE

Plaintiff's claim for damages is barred, in whole or in part, through laches, waiver, estoppel or release.

### SIXTH DEFENSE

Plaintiff's claim against the South Asian Society is a legal impossibility, as this student club is not a legal entity capable of being sued, and this Court therefore lacks jurisdiction over this party.

Respectfully submitted,

**KHAN ROMBERGER PLLC**

By: /s/ _____
Karen A. Khan
D.C. Bar No. 455297
1025 Connecticut Ave., N.W.
Suite 1000
Washington, D.C. 20036

                                       (202) 828-1243  
                                       ATTORNEYS FOR DEFENDANTS

Date:   November 10, 2006