IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GURPAL SINGH, as Administrator Ad  :
Prosequendum of decedent Ranjit Singh,
and                                                                      :
Gurpal Singh and Kulwinder Kaur
as Parents of Ranjit Singh                                 :

     Plaintiffs                                        :

v.                                                                           :  Civil Action # 06-0574 (RMC)
                                                                             Next Scheduled Event:

SOUTH ASIAN SOCIETY OF THE
GEORGE WASHINGTON UNIVERSITY  :
and
GEORGE WASHINGTON UNIVERSITY  :
and
FALCON SECURITY CORP.                        :
and
UNITED STATES OF AMERICA
DEPARTMENT OF JUSTICE
and                                                                      :
HILL PARTNERS, INC.
and                                                                      :
SECTEK, INC.
                                                 :

     Defendants


## ANSWER TO SECOND AMENDED COMPLAINT

Hill Partners, Inc., Defendant, by their attorney, Robert H. Bouse, Jr., for answer to the Plaintiffs' Second Amended Complaint says:

### I. JURISDICTION:

1. Defendant neither admits nor denies assertions of jurisdiction contained in Paragraph 1 and demands strict proof thereof.

## II. PARTIES

2. Defendant denies each and every allegation contained in Paragraph 2 of the Second Amended Complaint, except admits that Gurpal Singh holds himself out as the father and appointed Administrator *Ad Prosequendum* of the Estate of Ranjit Singh for purposes of this case.

3. This Defendant need not respond to Paragraph 3 as the allegations contained in Paragraph 3 of the Second Amended Complaint are directed to a party other than this Defendant.

4. This Defendant need not respond to Paragraph 4 as the allegations contained in Paragraph 4 of the Second Amended Complaint are directed to a party other than this Defendant.

5. This Defendant need not respond to Paragraph 5 as the allegations contained in Paragraph 5 of the Second Amended Complaint are directed to a party other than this Defendant.

6. This Defendant need not respond to Paragraph 6 as the allegations contained in Paragraph 6 of the Second Amended Complaint are directed to a party other than this Defendant.

7. Admitted.

8. This Defendant need not respond to Paragraph 8 as the allegations contained in Paragraph 8 of the Second Amended Complaint are directed to a party other than this Defendant.

## III. FACTUAL ALLEGATIONS

9. This Defendant denies each and every allegation contained in Paragraph 9 of the Second Amended Complaint, except admits based upon its understanding that George Washington University and the General Services Administration executed a Special Events License Agreement for use of portions of the Old Post Office Pavilion on the evening of March 26, 2005 through March 27, 2005. It is also admitted that there was alcohol available to be purchased by attendees who were of legal age. Upon information and belief, Defendant is also

of the understanding that the Old Post Office Pavilion is owned and operated by the government through the General Services Administration. Defendant cannot respond to the remaining allegations contained in Paragraph 9 as it has no knowledge of those allegations and are not directed to this Defendant.

10. This Defendant denies each and every allegation contained in Paragraph 10 of the Second Amended Complaint, except that it does admit that the George Washington University in connection with one of its student groups, the South Asian Society, sponsored an event known as the Bhangra Blowout on or about March 26, 2005 at the Old Post Office Pavilion located at 1100 Pennsylvania Avenue in the District of Columbia. It is further admitted that alcohol was available to legal age patrons at the event.

11. This Defendant admits that pursuant to a contract with the building owners it provided management services at the Old Post Office Pavilion on March 26 – 27, 2005. Defendant denies that it had the exclusive responsibility for the provision of security at the Old Post Office Pavilion on the date in question. Defendant denies the remaining portions of Paragraph 11.

12. No response is required to the allegations contained in Paragraph 12 of the Second Amended Complaint as it is directed to a party other than this Defendant. To the extent that a response is required, this Defendant denies the allegations of this paragraph and demands strict proof thereof.

13. This Defendant denies each and every allegation contained in Paragraph 13 of the Second Amended Complaint except admits that Ranjit Singh was killed on March 27, 2005.

14. This Defendant denies each and every allegation contained in Paragraph 14 of the Second Amended Complaint.

## IV. CAUSES OF ACTION –
## COUNT ONE
### (Negligence – Failure to Provide Security – All Defendants)

15. This Defendant incorporates by reference its response to Paragraphs 1 through 14 of the Second Amended Complaint as if set forth fully herein.

16. This Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant denies the allegations of Paragraph 18 and to each and every allegation contained therein, however, the Defendant admits that Ranjit Singh was assaulted with a knife and died.

## COUNT TWO
### (Negligent Selection, Retention and Supervision of Security Provider – George Washington University, SAS; Hill Partners, Inc., United States of America)

19. This Defendant incorporates by reference its response to Paragraphs 1 through 18 to the Second Amended Complaint as if set forth fully herein.

20. This Defendant denies the allegations of Paragraph 20.

21. This Defendant denies the allegations of Paragraph 21, except admits that Ranjit Singh was assaulted with a knife and died.

## COUNT THREE
### (Breach of Contract – Falcon Security, Inc., SecTec, Inc., Hill Partners, Inc.)

22. This Defendant incorporates by reference its answers to Paragraphs 1 through 21 as if set forth fully herein.

23. This Defendant denies each and every allegation contained in Paragraph 23 of the Second Amended Complaint and asserts that the allegations of Paragraph 23 constitute conclusions of law and as such are not proper factual allegations.

24. This Defendant denies each and every allegation contained in Paragraph 24 of the Plaintiffs' Second Amended Complaint and asserts that the allegations of Paragraph 24 constitute conclusions of law and as such are not proper factual allegations in this Complaint.

25. This Defendant denies the allegations of Paragraph 25 except admits that Ranjit Singh was fatally stabbed. The allegations of Paragraph 25 of the Second Amended Complaint are conclusions of law and are not proper factual allegations in this Second Amended Complaint.

## COUNT IV
### (Wrongful Death – George Washington University; SAS; United States of America)

26. With reference to the incorporation by the Plaintiff of Paragraphs 1 through 25 in Count IV of the Second Amended Complaint, this Defendant incorporates by reference its answers to Paragraphs 1 through 25 as if set forth fully herein.

As to Paragraphs 26, 27 and 28, no response is required to the allegations and claims contained in those paragraphs of the Second Amended Complaint as they are directed to parties other than this Defendant. To the extent a response is required, this Defendant denies the allegations of these paragraphs and demands proof.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

The Second Amended Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred in whole or in part either by contributory negligence, assumption of risk or unavoidable accident on the part of Ranjit Singh or others.

## THIRD DEFENSE

Plaintiff's injuries if any were caused by third persons over whom this Defendant had no control.

## FOURTH DEFENSE

Plaintiffs' claim for damages is barred in whole or in part through laches, waiver, estoppel or release.

## FIFTH DEFENSE

Plaintiff is not a third party beneficiary to any contracts entered into by and between this Defendant and the United States of America or any other party.

## SIXTH DEFENSE

Plaintiffs' complaint in whole or part may be barred by the applicable statute of limitations.

## SEVENTH DEFENSE

This Defendant had no duty to the deceased since the occurrence took place outside the property of the Old Post Office Pavilion.

/s/ Robert H. Bouse, Jr.
Robert H. Bouse, Jr., Esq.
D.C. Bar #MD01926
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Balto., MD 21201
410-752-1630
Fax: 410-752-0085
bouse@acklaw.com
*Attorney for Hill Partners, Inc.*

I HEREBY CERTIFY that the foregoing Answer to Second Amended Complaint was filed electronically and mailed on November 30, 2006 to the following:

Geoffrey D. Allen, Esq.
1730 Rhode Island Avenue, NW
Suite 206
Washington, D.C 20036
202-778-1167
geoffreyallen@verizon.net
*Attorney for Plaintiff*

Karen A. Khan, Esq.
Khan Romberger, PLLC
1025 Connecticut Avenue, NW
Suite 1000
Washington, D.C. 20036-5405
202-828-1243
Fax: 202-882-8756
khan@starpower.net
*Attorney for South Asian Society of the George Washington University and George Washington University*

James H. Vricos, Esq.
Office of the Attorney General
441 Fourth Street, NW, 6th Floor
Washington, D.C. 20001
202-727-6600
james.vricos@dc.gov
*Attorney for Charles H. Ramsey*

7

_____
Robert H. Bouse, Jr., Esq.
D.C. Bar #MD01926
Anderson, Coe & King, LLP
201 N. Charles Street, Suite 2000
Balto., MD 21201
410-752-1630
Fax: 410-752-0085
bouse@acklaw.com
*Attorney for Hill Partners, Inc.*

8