*Office of the Principal Legal Advisor*

U.S. Department of Homeland Security
425 I Street, NW, Room 6100
Washington, DC 20536



**U.S. Immigration and Customs Enforcement**

October 20, 2006

By Facsimile and Regular Mail

Timothy W. Romberger, Esq.
Khan Romberger PLLC
1025 Connecticut Avenue, NW, Suite 1000
Washington, DC 20036

Re: <u>Gurpal Singh, et al. v. George Washington University, et al.</u>, Civil Action No. 06-cv-05734

Dear Mr. Romberger:

    I am responding to the subpoena duces tecum you sent to the U.S. Department of Homeland Security (DHS) in Washington, DC, relating to the above-referenced matter, which is pending before the United States District Court for the District of Columbia. The subpoena was forwarded to U.S. Immigration and Customs Enforcement (ICE) by DHS since the subpoena is requesting ICE records, specifically, Federal Protective Service (FPS) records.

    The purpose of this letter is to inform you of the procedural prerequisites for obtaining information, either through the use of documents or testimony, from the DHS, of which ICE/FPS is a part. DHS regulations bar all DHS employees from providing documents or oral or written testimony relating to information acquired while such persons were employed by DHS unless authorized to do so by the DHS Office of General Counsel or its designees. See 6 C.F.R. § 5.44. In addition, DHS regulations require the party seeking testimony or documents to first set forth in writing, with as much specificity as possible, the nature and relevance of the information sought. See 6 C.F.R. § 5.45.

    When determining whether to comply with the request, ICE will consider the following factors: (1) whether compliance would be unduly burdensome or otherwise inappropriate; (2) whether compliance is appropriate under the relevant substantive law concerning privilege or disclosure of information; (3) the public interest; (4) the need to conserve the time of DHS employees for the conduct of official business; (5) the need to avoid spending the time and money of the United States for private purposes; (6) the need to maintain impartiality between private litigants in cases where a substantial government interest is not implicated; (7) whether compliance would have an adverse effect on performance by the DHS of its mission and duties; and (8) the need to avoid involving the DHS in controversial issues not related to its mission. See 6 C.F.R. § 5.48(a).

Page 2

The DHS will not comply with a request when such compliance would violate a statute, regulation, Executive Order, or agency policy. Likewise, the DHS will not comply with a request when such compliance would reveal classified or confidential information, agency deliberations, or potentially impede or prejudice an on-going law enforcement investigation. See 6 C.F.R. § 5.48(b).

ICE has determined that it would not be appropriate to provide documents responsive to numbers 1-7 of Exhibit "A" of the subpoena in this matter. Specifically, it is our determination that the information you are seeking is law enforcement sensitive and subject to the law enforcement/investigatory files privilege. Revealing such information would have a detrimental effect on agency operations and investigations. With respect to numbers 8-10 of Exhibit "A", ICE will attempt to locate responsive documents in order to determine if they should be made available. If you have any questions you can reach me at (202) 514-8157.

Sincerely,

Christopher M. Vetter
Associate Legal Advisor