IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Gurpal Singh, as Adminsitrator** | * | |
| **of decedent Ranjit Singh, et al.** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| v. | * | Civil Action No. 06-0574 (RMC) |
| | * | |
| **South Asian Society of the George** | * | |
| **Washington University, et al.** | * | |
| | * | |
| **Defendants** | * | |
| | * | |
| | ***************** | |

### SECTEK, INC.'S ANSWER TO SECOND AMENDED COMPLAINT

SecTek, Inc., Defendant, hereby files the following answer to the second amended complaint filed by the Plaintiffs.

### FIRST DEFENSE

The Plaintiffs' complaint, or portions thereof, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The defendant responds to the specific allegations of the second amended complaint as follows:

I.    **Jurisdiction.**

    1.    Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 1.

- 2 -

**II.  Parties.**

2. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 2.

3. The defendant is without knowledge sufficient to admit or deny the allegations of paragraph 3.

4. The defendant has general knowledge of George Washington University, but no specific knowledge of the allegations contained in paragraph 4, and consequently they are denied.

5. Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph 5.

6. Admitted.

7. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 7.

8. Admitted.

**III.  Factual Allegations.**

9. Defendant has general knowledge concerning the United States of America, and the party/event, but does not have specific knowledge of the details of the arrangement or the event, and consequently this defendant is without knowledge sufficient to admit or deny the remaining allegations, and as such they are denied.

10. Defendant has general knowledge regarding George Washington University and SAS, and the party/event, but it is without knowledge and

context of the specific allegations made, and as such the remaining allegations are denied.

11. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 11.

12. SecTek had security personnel at the facility. Defendant is without knowledge of the specific discussions referenced regarding security, and consequently all remaining allegations are denied.

13. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 13.

14. Denied.

IV. **Causes of Action.**

**Count One (Negligence-Failure to Provide Security-All Defendants)**

15. The defendant incorporates by reference its responses to the prior paragraphs as noted.

16. Denied.

17. Denied.

18. Denied.

All other allegations in Count One are denied.

**Count Two (Negligent Selection, Retention and Supervision of Security Provider-George Washington University; SAS; Hill Partners, Inc.; United States of America**

19. The Defendant incorporates by reference its responses to the prior paragraphs as noted.

20. Denied.

21. Denied.

All other allegations in Count Two are denied.

**Count Three (Breach of Contract-Falcon Security, Inc.; SecTec, Inc.; Hill Partners)**

22. The Defendant incorporates by reference its responses to the prior paragraphs as noted.

23. The Defendant had entered into agreements to provide security at the Old Post Office facility. All other allegations and legal conclusions contained in this paragraph are denied.

24. Denied.

25. Denied.

All other allegations in Count Three are denied.

**Count Four (Wrongful Death-George Washington University; SAS; United States Of America**

26. The Defendant incorporates by reference its responses to the prior paragraphs as noted.

27. Denied.

28. Denied.

All other allegations contained in Count Four are denied.

### THIRD DEFENSE

The Plaintiffs' claims are barred by the doctrine of contributory negligence.

### FOURTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of assumption of the risk.

## FIFTH DEFENSE

The Plaintiffs' injuries and damages, as alleged, were caused by the actions of other individuals or entities, not by the actions of the Defendant.

## SIXTH DEFENSE

The Defendant fulfilled its obligations with respect to any contracts and duties at the facility in question.

## SEVENTH DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations.

## EIGHTH DEFENSE

The Plaintiffs' claims are barred by the applicable statute of repose.

## NINTH DEFENSE

The Plaintiffs' claims for wrongful death are not valid under the terms of the applicable wrongful death statute, and were not filed in a timely matter as required by the wrongful death statute.

## TENTH DEFENSE

The Plaintiff's claims are not valid under the terms of the applicable contract for services.

## REQUEST FOR JURY TRIAL

The Defendant hereby requests a trial by jury on all matters at issue in this case.

- 6 -

        Respectfully submitted,

        **Moore & Jackson, LLC**

           /s/

        By:_____
        Scott D. Goetsch
        Bar No. 425578
        305 Washington Avenue
        Suite 401
        Baltimore, MD  21204
        410-583-5241
        ***Attorneys for SecTek, Inc.***

Date:  January 17, 2007