# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gurpal Singh,                          :
                                       :
Plaintiff,                             :
                                       :
v.                                     :   Civil Action Number 06-0574 (RMC)
                                       :
George Washington University, et al.,  :
                                       :
Defendants.                            :

### SUPPLEMENTAL DECLARATION OF MICHAEL ANZALLO

I, MICHAEL ANZALLO, do declare as follows:

1. I was appointed a member of the Metropolitan Police Department (MPD) in 1989. I was promoted to the rank of sergeant in 1994, to lieutenant in 1996, to captain in 1999 and to my current position of Commander, Superintendent of Detectives Division in 2004. I previously served as the Captain of the Homicide Section Violent Crime Branch of the Superintendent of Detectives Division from 2002 to 2004.

2. It has been brought to my attention that the plaintiff in the above-captioned matter has served a civil subpoena upon Metropolitan Police Department Chief Charles Ramsey pertaining to information collected pursuant to the ongoing investigation of the homicide of Ranjit Singh on March 27, 2005. On November 3, 2006, I prepared a Declaration stating why disclosure of information collected by MPD in connection with this investigation may interfere with this agency's ability to bring this investigation to a successful conclusion. I herein supplement my Declaration of November 3, 2006.

3. As Commander, Superintendent of Detectives Division, I serve as head of the Division having control over the information requested in this subpoena.

4. The Metropolitan Police Department has initiated an investigation of Mr. Singh's homicide, which is presently pending completion. The disclosure of information obtained as part of that on-going investigation would in my estimation compromise the Metropolitan Police Department's ability to obtain information or cooperation from individuals and may interfere with this agency's ability to bring this investigation to successful conclusion.

5. The MPD has created a working homicide investigation file regarding the death of Ranjit Singh. After personally reviewing the file documents I assert the law enforcement privilege with respect to all of the following documents because they all contain information that has been gathered pursuant to an MPD homicide investgaiton that has not yet been completed. *In addition to* the ongoing nature of this investigation, I assert the law enforcement privilege with respect to these documents for the following reasons:

1. **Family Contact Record.** This record contains information about a family member and other information concerning this investigation which if disclosed prematurely could impede the ability of law enforcement officials to gain cooperation in the future.

2. **Death Report (Form PD 120).** This record describes the scene, as well as evidence within the scene, which if disclosed prior to criminal trial could impede the prosecution.

3. **Washington Area Criminal Information and Intelligence System (WACIIS) Investigative Reports (PD 854W).** This record contains names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, some of the information contained in this record is evaluative in nature.

4. **Running Resume entries.** This record contains names of persons who cooperated in this investigation and information about the case

which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, some of the information contained in this record is evaluative in nature.

5. **Report of Investigation Continuation entries.** This report contains names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, some of the information contained in this record is evaluative in nature.

6. **PD 252s Supplemental Reports.** These reports contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future.

7. **General Service Administration Reports.** These reports contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, this information could be obtained from the General Service Administration.

8. **Witness Statements Metropolitan Police Department PD 119s.** These reports contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, this information could be obtained from the United States Attorney's Office.

9. **Phone Records and subscriber information.** These records contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, this information could be obtained from the phone company.

10. **Affidavits of the Superior Court Regarding Extradition.** These records contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, this information could be obtained from the United States Attorney's Office.

11. **Metropolitan Police Department Supplementary Evidence Report**

(Form PD 698). This document describes evidence and activities performed by crime scene search technicians, which if disclosed prior to criminal trial could impede the prosecution.

12. **Metropolitan Police Department Evidence Report (Form PD 668)** Describes evidence and activities of crime scene search technicians, which if disclosed prior to criminal trial could impede the prosecution.

13. **All crime scene photographs.** Generally the photos depict the crime scene and anything that may be contained within the crime scene or related to the crime, which if disclosed prior to criminal trial could impede the prosecution. I have not seen the photos personally because they are not within the homicide file, although it identifies that photographs of the crime scene were taken.

14. **Diagram with location information.** Depicts the crime scene and anything contained within the crime scene, which if disclosed prior to criminal trial could impede the prosecution.

15. **Department of Justice forms from the Department of Immigration and Naturalization.** These records contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, this information could be obtained from the Department of Immigration and Naturalization.

16. **Superior Court of the District of Columbia Criminal Division Subpoenas.** These records contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, this information could be obtained from the United States Attorney's Office.

17. **Metropolitan Police Department Photo Viewing Sheet.** These records contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future.

18. **All photos used for identification procedures.** These records contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future.

19. **All documents from Choicepoint searches.** These records contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, this information could be obtained by running an independent data base search.

20. **Washington Area Law Enforcement System (WALES) records.** These documents contain law enforcement information about criminal warrant and motor vehicle status. Lists names of persons involved or may be involved in the case.

21. **Witness Lists.** These records contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, this information could be obtained from the United States Attorney's Office.

22. **Notes from Detective investigating case.** This record contains names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, some of the information contained in this record is evaluative in nature.

23. **Metropolitan Police Department Property Release (Form PD 81-C).** This form was erroneously identified. The document that we are trying to protect is a Metropolitan Police Department Property Record (Form PD 81). This form lists items of evidence taken in the case which if disclosed prior to criminal trial could impede the prosecution.

24. **Typewritten contact information.** This record contains names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, some of the information contained in this record is evaluative in nature.

25. **Notes on telephone messages and telephone phone numbers.** This record contains names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, some of the information contained in this record is evaluative in nature.

26. **Handwritten notes and business cards.** These documents contain confidential, investigative information and/or identities which if disclosed prior to criminal trial could impede the prosecution.

27. **All documents relating to Mapquest.** These documents provide directions to the location of a search warrant which if disclosed prior to criminal trial could impede the prosecution.

28. **Typewritten Event Chronology.** This record contains names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, some of the information contained in this record is evaluative in nature.

29. **Handwritten notes in notebook.** This record contains names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, some of the information contained in this record is evaluative in nature.

30. **Documents from the Federal Bureau of Investigation contained within the case file.** This record contains names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Additionally, this record was obtained by MPD from the Federal Bureau of Investigation (FBI). Disclosure of this information prior to resolution of this criminal matter could chill cooperative efforts between the FBI and MPD in future criminal investigations. Any efforts by a party in a civil matter to obtain such records should be addressed directly to the FBI.

31. **Documents from other police departments that assisted with this investigation.** These records contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Additionally, these record was obtained by MPD other police agencies. Disclosure of these records prior to resolution of this criminal matter could chill cooperative efforts between these agencies and MPD in future criminal investigations.

32. **All documents from the Metropolitan Police Department e-team database.** These documents contain information provided by a caller

reference to a suspect which if disclosed prior to criminal trial could impede the prosecution.

33. **Metropolitan Police Department Tour of Duty Supervisor's Report (Form PD 150).** This document captures unusual or serious incidents occurring during a tour of duty. Upon further review and consideration, this document is releasable in a redacted form. The redactions pertain to information unrelated to the homicide.

34. **Metropolitan Police Department PD 775 Daily Vehicle Inspection and Activity Report.** Provides time and location officer received the call for the crime which if disclosed prior to criminal trial could impede the prosecution.

35. **All COLUMBO database documents.** This record contains names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, some of the information contained in this record is evaluative in nature.

36. **All affidavits for arrest and search warrants.** This information could be obtained from the United States Attorney's Office.

37. **Violent Criminal Apprehension Program (VICAP) form.** A document that provides information on victim and suspect which if disclosed prior to criminal trial could impede the prosecution.

38. **All Department of Motor Vehicle records pertaining to this case.** These records contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, this information could be obtained from the Department of Motor Vehicles.

39. **All e-mails pertaining to this case.** These records contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, some of the information contained in this record is evaluative in nature.

40. **All documents from Expedia.com.** These records contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further,

some of the information contained in this record is evaluative in nature.

41. **All documents from the United States Department of Defense.** These records were obtained by MPD from the Federal Bureau of Investigation (FBI). Disclosure of these documents prior to resolution of this criminal matter could chill cooperative efforts between the United States Department of Defense and MPD in future criminal investigations. Any efforts by a party in a civil matter to obtain such records should be addressed directly to the United States Department of Defense.

42. **All DVDs contained within the case file.** These two DVDs contain video footage of the "After Party at O.P.P Bhangra Blowout 12 (3/26/05) (aprx. 1hr 12 min)" which if disclosed prior to criminal trial could impede the prosecution.

43. **All documents from George Washington University contained within the case file.** The George Washington University has access to copies of its own documents.

44. **Metropolitan Police Department Information Control Sheet.** Document prepared by the Synchronized Operations Command Center. The document provides information obtained from an anonymous source about the suspect which if disclosed prior to criminal trial could impede the prosecution.

45. **District of Columbia Alcoholic Beverage Regulation Administration Case Report.** A case report prepared by employees of ABRA documenting an event which if disclosed prior to criminal trial could impede the prosecution.

46. **Summary Report for Homicide memorandum.** These records contain names of persons who cooperated in this investigation and information about the case which if disclosed prior to criminal trial could impede the ability of law enforcement officials to gain cooperation in the future. Further, some of the information contained in this record is evaluative in nature.

The documents listed above constitute protected confidential communications between law enforcement officers and citizen witnesses concerning the course of an ongoing criminal investigation and the disclosure thereof would compromise the ability of this Department to obtain future cooperation from those entities and persons. After a

full review of those documents contained the working homicide investigation file in this case. I have no objection to the disclosure of the other documents not specifically set forth in paragraph numbered 5 of this declaration, such as the PD 251 event report. Additionally, upon further review and consideration, a redacted copy of the Metropolitan Police Department Tour of Duty Supervisor's Report (Form PD 150), which is described in paragraph 5 of this declaration, will be disclosed to those parties to the above mentioned civil action seeking its disclosure.

    I hereby declare under the penalties of perjury that the above information is true and correct to the best of my knowledge and belief.

Signed this 31 day of Jan 2007, in Washington, D.C.

Michael Anzallo
Metropolitan Police Department