IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GURPAL SINGH, as Administrator of decedent RANJIT SINGH, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTH ASIAN SOCIETY OF THE GEORGE WASHINGTON UNIVERSITY, Et Al., <br> Defendants. | : <br> : <br> : <br> : <br> : Civil Action No. 06 0574 <br> : RMC <br> : <br> : <br> : <br> : <br> : <br> : |

### Affidavit

1. I am the attorney or record for the plaintiffs in this case.

2. The United States is a defendant and has filed a motion to dismiss. Plaintiffs contend that it should be treated as a Motion For Summary Judgment.

3. Plaintiffs are unable to present depositions, answers to interrogatories, admissions on file or affidavits of witnesses in support of their opposition to this motion because there has been no discovery against the United States, as of this date.

4. Plaintiffs contend that discovery is necessary in order to determine the precise nature of the relationship between the United States and any other entities that it may have hired to provide security services at the Old Post Office Pavilion. Of particular importance would be the nature and level of participation of the United States in the provision of security services on or about the date of the incident in this case, and its knowledge of prior security problems at the building and any steps taken by it to address such problems. Without such information it is impossible to determine

whether or not the relationship was actually one of an independent contractor or whether it was more akin to a master – servant situation. Since this determination is critical to the question of whether or not the United States may avail itself of an "independent contractor" defence, plaintiffs believe that discovery is vital on this issue.

5. With respect to the United States' discretionary acts defence, discovery is also vital. Of particular importance is the full complement of policies, regulations and other requirements which the United States may have imposed on operation of the Old Post Office Pavilion. Prior to discovery on this issue there is simply no way that Plaintiffs can determine what these may consist of.

6. As previously indicated, plaintiffs believe that there had been previous security problems at the Old Post Office Pavilion. The exact extent of these problems, the extent to which they were known or should have been known by the United States and the adequacy of any steps taken to address them, can only be determined by engaging in pretrial discovery.

Subscribed and Sworn to, this ___21___ day of ___March___, 2007.

_____
Geoffrey D. Allen

My Commission Expires:

Denise A. Branson
Notary Public, District of Columbia
My Commission Expires 9-30-2008