## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

)
GURPAL SINGH, Administrator          )
of decedent RANJIT SINGH             )
                                     )
            Plaintiff,               )
        v.                           )        Case No: 06-0574 (RMC)
                                     )
SOUTH ASIAN SOCIETY                  )
OF THE GEORGE WASHINGTON             )
UNIVERSITY,                          )
            et. al.                  )
                                     )
            Defendants.              )
_____)

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff opposes Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) primarily by asserting that he requires limited discovery in order to adequately respond to Defendant's arguments that Plaintiff's Federal Torts Claims Act ("FTCA") claims are barred by the independent contractor and discretionary function exceptions. As discussed more fully below, Plaintiff has failed to establish even a colorable basis for jurisdiction and his request for discovery should be denied and the Defendant's motion to dismiss should be granted.

### ARGUMENT

**I.      The Court May Consider Matters Outside The Pleadings In Deciding A Motion To Dismiss Under Fed. R. Civ. P. 12(b)(1)**

Plaintiff's opposition begins by completely misunderstanding the Defendant's motion to dismiss. Plaintiff argues that because Defendant presented "matters outside the pleadings" with its "12(b)(6)" motion for failure to state a claim, "the motion must be treated as one for summary

judgment and disposed of as provided in Rule 56." *Pl. Opp at 1.* However, as clearly set forth in Defendant's motion, Defendant primarily argues that dismissal is proper for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Def. Mot. to Dismiss at 7-14.* It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Roum v. Bush*, 461 F.Supp.2d 40 (D.D.C. 2006) (citing *Alliance for Democracy v. Fed. Election Comm'n,* 362 F.Supp.2d 138, 142 (D.D.C. 2005)); *see also Lockamy v. Truesdale,* 182 F.Supp.2d 26, 30-31 (D.D.C.2001). Moreover, the Court may review such materials to determine its jurisdiction without converting the motion into one for summary judgment. *Phillips v. Fed'l Bureau of Prisons*, 271 F.Supp.2d 97, 98 (D.D.C. 2003) (citing *Land v. Dollar*, 330 U.S. 731, 735, n.4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). Thus, Plaintiff's argument that Defendant's purported "12(b)(6)" motion to dismiss should be treated as a motion for summary judgment under Fed. R. Civ. P. 56 because of the presentation of matters outside the pleadings is erroneous and inapposite and should be disregarded in its entirety.

Nevertheless, Defendant acknowledges that, in some instances, plaintiffs have been permitted discovery of facts necessary to establish jurisdiction prior to a decision for a motion under Fed. R. Civ. P. 12(b)(1). *See, e.g. Ignatiev v. United States of America*, 238 F.3d 464 (D.C. Cir. 2001). However, the plaintiff must at least have a colorable basis for jurisdiction before subjecting a Defendant to discovery. *Bancoult v. McNamara*, 214 F.R.D. 5, 10 (D.D.C. 2003) (plaintiff must first demonstrate "that it can supplement its jurisdictional allegations through discovery) (citing *GTE New Media Servs v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C.

2

Cir. 2000)).  If the plaintiff has provided statements too bare to support an inference of jurisdiction, responded to a defendant's affidavit with speculative or a complete absence of jurisdictional facts, or fails to make counter-allegations in its own affidavit, denial of discovery is not an abuse of discretion.  *Caribbean Broad Sys. Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080 (D.C. Cir. 1998) (listing cases in which courts have required a colorable basis for jurisdiction before subjecting the defendant to discovery); *see also Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991) (noting that denial of discovery when the plaintiff's allegations are conclusory is not an abuse of discretion).

In the instant case, Plaintiff's request for discovery on the applicability of the independent contractor and discretionary function exceptions is not even based on any conclusory allegations of jurisdiction.  Rather, Plaintiff merely asserts that he has not had "an opportunity to mount such an investigation" and "should be permitted to engage in pretrial discovery on this issue."  *Pl. Opp. at 4*.  Without even a colorable basis for jurisdiction, however, Plaintiff fails to demonstrate any basis for subjecting Defendant to discovery and his request should be denied.

## II.    Independent Contractor Exception – Plaintiffs Have Failed To Provide Even A Colorable Basis For Jurisdiction

Notably, nowhere in his opposition does Plaintiff actually dispute that either Hill Partners, Inc. ("Hill Partners") and/or SecTek, Inc. ("SecTek") are in fact independent contractors.  Plaintiff has made no attempt to address any of the allegations or documents (e.g. property management agreement ("PMA") and Licensing Agreement, etc.) set forth in Defendant's motion, nor has Plaintiff provided any allegations to even raise an inference of jurisdiction with regards to the independent contractor exception.  Instead, Plaintiff has done

nothing more than claim that it "is impossible to determine this relationship. . . without investigating the precise nature of the relationship and the course of dealings between the parties." *Pl. Opp. at 4*. In doing so, Plaintiff conveniently ignores the preponderant evidence already submitted to this Court.

For example, Plaintiff correctly asserts that in evaluating the nature of the relationship between the Government and an alleged independent contractor, the Court focuses on "the terms of the contract and the course of dealing between them." *Pl. Opp. at 3*. *See, e.g. Phillips*, 271 F.Supp.2d at 101 (statement of work governing contract between Bureau of Prisons and contractor and an affidavit from a BOP official demonstrates the independent contractor relationship); *Banuwal v. United States*, 1992 WL 29968, *1 (D.D.C. 1992) (terms of the contract between Department of Commerce and contractor demonstrates that United States did not control the day-to-day activities, nor supervise detailed daily performance of the contract). Yet, inexplicably, Plaintiff does not even attempt to address the PMA between the General Services Administration ("GSA") and Hill Partners. It bears repeating that the PMA clearly sets forth Hill Partners' status as an "independent contractor," hired to provide property management services, including "Customary Services," such as security and guard services, at the Old Post Office Pavilion. *Def. Mot. to Dismiss at 4-5*. The PMA also authorizes Hill Partners to contract for such services and indicates that Hill Partners is required to "[s]upervise the persons or entities providing Customary Services." *Id*. Consistent with this, the record also reflects e-mail communications between Hill Partners' on-site general manager and SecTek discussing the security arrangements for the Bhangra Blowout event. *Id. at 5-6*.

In his own amended complaint, Plaintiff admits that Hill Partners, "pursuant to a contract

with [GSA] provided property management services at the Old Post Office Pavilion on March 26-27, 2005." *Second Amended Compl at ¶11*. Plaintiff further admits that "Hill Partners, Inc. made decisions regarding the number and type of security officers to be employed at the event and their deployment" and that "SecTek [also] had security responsibilities at the Old Post Office Pavilion . . . provided security guards, and. . . participated in decisions regarding the number and type of guards and their deployment during the event." *Second Amended Compl at ¶ ¶11 and 12*.

To the extent that Plaintiff is also alleging that the United States is liable for any negligence on the part of SecTek, this argument must also fail. As discussed in Defendant's motion to dismiss, law enforcement and related security functions regarding federal buildings were transferred to the Department of Homeland Security ("DHS") in 2002. *Def. Mot. To Dismiss at 14*. SecTek was contracted by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, Federal Protective Service ("FPS") in or around September, 2003 to provide security guard services at the Old Post Office Pavilion during normal operational hours. *Def. Mot. to Dismiss at 6, fn 2*; *see also Attachment A*.[1] However, SecTek was also available to Hill Partners for special events, subject to an approved reimbursable work authorization. *Def. Mot. to Dismiss at 6, fn 2*. As discussed above, pursuant to the PMA, Hill Partners specifically contacted SecTek and independently arranged for SecTek guards during the Bhangra Blowout event. *Def. Mot. to Dismiss at 5-6*.

Even assuming arguendo that SecTek was providing guard services for the Bhangra Blowout event on behalf of FPS and not Hill Partners, SecTek was still doing so as an

---

[1]In his opposition, Plaintiff admits that "the United States provided security at the building through Sectek . . ." *Pl. Opp. at 6*.

independent contractor. Attached to this reply is (1) a statement of work ("SOW") between FPS and SecTek, *Attachment A*, and (2) a declaration from Paul D. Constable, Acting Deputy Regional Director, FPS, Northern Capital Region ("NCR"), *Attachment B*. *Phillips*, 271 F.Supp.2d at 98-101 (Court reviewed a statement of work and an affidavit from a BOP official in finding that the government contractor hired by BOP was an independent contractor). Both the SOW and Mr. Constable's declaration clearly demonstrate that SecTek is an independent contractor.

Under the SOW, "the Contractor shall provide and maintain all management, supervision, manpower, training, equipment, supplies, licenses, permits, certificates, insurance, pre-employment screenings, reports, and files necessary to accomplish security guard services . . ." *Attachment A at 3*. In his declaration, Mr. Constable elaborates that SecTek was hired as an independent contractor, responsible for the full range of guard and related security services. *Attachment B at 1-2*. He further states that FPS does not manage or supervise the daily operations of the SecTek guards and that such duties and responsibilities are handled by SecTek supervisors and personnel. *Attachment B at 1*. Consistent with this, he notes that FPS does not have any personnel on-site at the Old Post Office Pavilion. *Id*. Finally, regarding the Bhangra Blowout event specifically, Mr. Constable advises that FPS was not involved with any decisions related to security and/or law enforcement needs for the event, nor did it provide any personnel for the event. *Id*.

Nowhere in his amended complaint, opposition, or any other pleadings has Plaintiff set forth any allegations to establish even a colorable basis for jurisdiction. Plaintiff does not allege that any federal employees served as security guards during the Bhangra Blowout event, nor does

he allege that any federal employees were involved in any of the substantive planning or decisions related to security for the event.  Moreover, Defendant has submitted numerous documents that demonstrate that both Hill Partners and SecTek are clearly independent contractors and Plaintiff has made no effort to even address, let alone, rebut these allegations.

II.    **Discretionary Function Exception**

    A.    **Plaintiff Has Failed To Provide Even A Colorable Basis For Jurisdiction**

        Plaintiff does not dispute that this Court also lacks subject matter jurisdiction to hear FTCA claims that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. §2680(a).  Moreover, Plaintiff is not alleging that there are in fact any statutes, regulations, or policy specifically related to "the decision at issue in this case, that is whether or not to post guards at the exits of the building at the end of the event." *Pl. Opp. at 5*.  Rather, he is only asserting that "[p]rior to discovery on this issue there is simply no way that Plaintiff can determine" the "full complement of policies, regulations and other requirements which the United States may have imposed on operation of the Old Post Office Pavilion." *Pl. Opp., Geoffrey D. Allen Affidavit.*

        It bears noting that Plaintiff has still failed to identify or allege any federal statute, regulation, or policy that specifically mandated the posting of guards at the exits for the Bhangra Blowout event.  Presumably, Plaintiff's counsel has access to Westlaw, Lexis, or other legal resources and references that would allow him to at least conduct an initial inquiry into the statutes and regulations that may or may not dictate the security related decisions at issue in this complaint.  As discussed above, Plaintiff must at least set forth some allegations that jurisdiction

is appropriate.  Plaintiff has failed to do so here and his request for discovery should be denied.

Moreover, in the attached declaration, FPS Acting Deputy Regional Director Constable states that he is not aware of any statutes, regulations, directives or policy related to the requirement to post guards at the exits for special events at the Old Post Office Pavilion. *Attachment B at 2*.  Mr. Constable further advises that such decisions are generally left to the discretion of local officials within FPS based upon an evaluation of a number of factors, including the nature of the event and the availability of personnel and financial resources.  *Id.*

In light of the Plaintiff's failure to set forth any allegations of jurisdiction, Mr. Constable's declaration, and the clear applicability of the independent contractor exception, Defendant submits that permitting discovery on the issue of the discretionary function exception would be futile at best and should be denied.

**B.      Security Related Decisions Involve An Element of Judgment That The Discretionary Function Exemption Was Designed To Shield**

Plaintiff also appears to be arguing that the security related decision at issue in this case (i.e. whether to post security guards at building exits at the end of the Bhangra Blowout event) is not the type of decision that satisfies the second prong of the *Gaubert* test for determining whether the discretionary function exception applies.  *Pl. Opp at 4–6*.  In doing so, Plaintiff argues that security related decisions are somehow analogous to cases involving the posting of a speed limit, the construction of a canal, and the placement of warning signs and/or buoys, in which other courts have found that the discretionary function exception does not apply.  *Id*. Plaintiff's arguments are inapposite and unconvincing.

Plaintiff first cites *Soldano v. National Park Service*, 453 F.3d 1140 (9th Cir. 2006).  *Pl.*

*Opp. at 4-5.* In that case, in addressing the second prong of *Gaubert*, the Court found that the discretionary function exception did not protect the government from a suit for negligence related to the establishment of an appropriate speed limit in Yosemite National Park because that decision was based upon "scientific and professional judgment[s]." *Id.* at 1148.

Plaintiff also cites *Kennewick Irrigation District v. United States of America*, 880 F.2d 1018 (9th Cir. 1989). *Pl. Opp. at 5.* In that case, again addressing the second prong of *Gaubert*, the Court found that the discretionary function exception did not protect the government from a suit for negligence related to the construction of a canal because decisions regarding whether to remove unsuitable materials during construction were based not on policy judgments, but on technical, scientific, and engineering considerations. *Id.* at 1031.

Finally, Plaintiff cites *Bagner v. United States*, 428 F.Supp.2d 101 (N.D.N.Y. 2006), a case under the Suits in Admiralty Act in which the Court found that the discretionary function exception did not apply to a decision of the Army Corps of Engineers to provide buoys for only seven months of the year to warn of danger of submerged dam on the Hudson River. In *Bagner*, however, the Court based its decision on the mandatory nature of the applicable regulations (i.e. the first prong of *Gaubert*) and therefore found "no need to analyze whether defendant's decision was in furtherance of public policy." *Id.* at 111.

Defendant submits that none of the above cases are analogous to the instant dispute. As set forth in detail in Defendant's motion to dismiss, numerous federal courts have concluded that security related decisions, including decisions on how much security to provide and the manner in which to provide it, are the types of public policy judgments that fall squarely within the discretionary function exception. *Def. Mot to Dismiss at 12-14.* Thus, even assuming that Hill

Partners or SecTek were agents of the United States government, the United States is immune from suit with regards to any security decisions that they may have made related to the Bhangra Blowout event.

## CONCLUSION

Based upon the foregoing and the evidence and arguments already set forth in Defendant's motion to dismiss, Defendant respectfully requests that Plaintiff's claims against it be dismissed with prejudice and that the United States of America be dismissed as a party to this proceeding.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
QUAN K. LUONG
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150