UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GURPAL SINGH, Administrator )
of decedent RANJIT SINGH )
 )
            Plaintiff, )
     v. )   Case No: 06-0574 (RMC)
 )
SOUTH ASIAN SOCIETY )
OF THE GEORGE WASHINGTON )
UNIVERSITY, )
            et. al. )
 )
            Defendants. )

### DECLARATION OF PAUL D. CONSTABLE

I, Paul D. Constable, am over the age of eighteen years and competent to make this declaration.

1. I have been an officer with the Federal Protective Services (FPS) since January 2000. I am currently the Acting Deputy Regional Director, FPS, National Capital Region (NCR), Immigration and Customs Enforcement (ICE), Department of Homeland Security (DHS) and have been in this position since November 2006. FPS is a security and law enforcement branch of ICE, DHS. In my current position, I oversee and manage the duties and responsibilities of FPS for the NCR. The NCR encompasses over 700 federally leased and owned facilities in two districts, one of which is in Washington D.C. (i.e. District 1). The Old Post Office Pavilion building, located at 1100 Pennsylvania Avenue, NW, Washington, DC, is in District 1 and thus, one of the federal facilities that falls under my responsibility.

2. In 2003, law enforcement and related security functions for federal agencies were transferred from FPS, General Services Administration (GSA) to FPS, DHS upon its establishment by the Homeland Security Act of 2002. Thus, FPS derives its authority from Title 40 U.S.C., Section 1315 as created by the Homeland Security Act of 2002.

3. In or around September, 2003, FPS entered into a contract with SecTek, Inc., a private security company hired as an independent contractor to provide the full range of guard and related security services at the Old Post Office Pavilion building. Under the contract, SecTek, Inc. is responsible for the protection of the facility and its tenants and its duties include, but are not limited to: a) on-site security and access

—1—

control, b) surveillance, protection and inspection of all internal and perimeter areas, c) patrolling the building, d) package inspection, and e) related emergency assistance. SecTek, Inc has provided such guard and security services continuously from that time to the present date.

4. Pursuant to the contract between FPS and SecTek, Inc., SecTek, Inc. is expected to comply with various regulations and standards in performing its work and meeting its obligations under the contract. While FPS at times conducts quality assurance inspections, training oversight, and post audits to ensure that SecTek, Inc. is meeting its obligations under the contract and compliance with post orders, FPS does not manage or supervise the daily operations of SecTek, Inc. guards or personnel at the Old Post Office Pavilion building, nor is FPS involved in any of the day to day decisions related to SecTek, Inc's performance under the contract. These duties and responsibilities are handled by supervisors and other personnel employed by SecTek, Inc. Moreover, FPS does not have any personnel on-site at the Old Post Office Pavilion.

5. With regard to the "Bhangra Blowout" event at the Old Post Office Pavilion on March 26-27, 2005, this event took place outside of the facility's normal hours of operation. The contract between the General Services Administration (GSA) and the George Washington University to rent the Old Post Office Pavilion for this event was not coordinated with FPS prior to or at anytime during the event. FPS was not involved in any decisions related to security and/or law enforcement needs for this event, nor did FPS provide any security personnel or services for this event. It is my understanding that the George Washington University ("GWU"), the GWU South Asian Society, and the on-site property manager, Hill, Inc., independently arranged security for the event with Falcon Security Corporation and SecTek, Inc.

6. Even if FPS had been involved with providing security for the March 26-27, 2005 Bhangra Blowout event, I am not aware of any statutes, regulations, directives or policy related to a requirement to post guards at the exits for special events at the Old Post Office Pavilion building. These types of decisions are left to the discretion of local officials within FPS based upon an evaluation of a number of factors, including but not limited to, the nature of an event, the availability of personnel and financial resources, and other related considerations under the circumstances.

I hereby certify under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____    APRIL 6, 2007
Paul D. Constable                                Date