## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GURPAL SINGH, *et al.*, )<br><br>Plaintiffs, )<br><br>v. )<br><br>SOUTH ASIAN SOCIETY OF THE<br>GEORGE WASHINGTON<br>UNIVERSITY, *et al.*, )<br><br>Defendants. ) | Civil Action No. 06-574 (RMC) |

## <u>MEMORANDUM OPINION</u>

Pending before the Court is Defendant the United States of America's Motion to Dismiss. The United States contends that the Court lacks subject matter jurisdiction over Plaintiffs' tort claims under the "discretionary function" and "independent contractor" exceptions to the general waiver of sovereign immunity contained in the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (the "FTCA"). The United States also argues that Plaintiffs failed to exhaust their administrative remedies with respect to certain claims and are, therefore, procedurally barred from prosecuting them in this lawsuit. Plaintiffs offer no opposition to the United States's contention that the discretionary function and independent contractor exceptions apply; they say only that they should be allowed to conduct discovery before the Court decides that issue. Although the United States may well be correct that those exceptions apply here, the Court must allow Plaintiffs an opportunity to conduct narrowly circumscribed jurisdictional discovery before it can consider dismissal for lack of jurisdiction. With respect to the United States's second argument, the Court agrees that Plaintiffs failed to present their personal claims to the United States before filing this lawsuit. Accordingly,

the Court will grant the motion to dismiss with respect Plaintiffs' personal claims, and will deny the motion without prejudice and allow Plaintiffs to take limited discovery with respect to the remaining claims.

## I. FACTUAL BACKGROUND

Plaintiffs Gurpal Singh and Kulwinder Kaur are the parents and surviving heirs of Ranjit Singh, a young man who was murdered on March 27, 2005. Second Am. Compl. ("Compl.") ¶ 2. The circumstances surrounding Ranjit's death are the heart of this matter. On March 26, 2005, the evening before his death, Ranjit and his friends attended an event called the "Bhangra Blowout," which was sponsored by the South Asian Society of the George Washington University. *Id.* ¶ 10. The Blowout is a dance competition in which teams from colleges around the country compete in Bhangra, a traditional style of Punjabi dancing. *Id.* The competition itself is not at issue here; rather, it is events that transpired at the so-called "after-party" that gave rise to this lawsuit.

The after-party was held at the Old Post Office Pavilion, located at 1100 Pennsylvania Avenue in Northwest Washington, D.C. *Id.* At some point during the after-party, one of Ranjit's friends got involved in a dispute with another partygoer. *Id.* ¶ *13.* Some pushing may have occurred, but the incident appeared to end calmly and no security personnel were involved. *Id.* Tragically, however, the dispute was far from over. Later on, Ranjit and his friends left the Old Post Office Pavilion through a side exit. *Id.* Once outside, they encountered the person with whom Ranjit's friend had earlier tussled. *Id.* This person appeared to be intoxicated; he was talking loudly and acting in an agitated manner, and he aggressively confronted Ranjit's group. Ranjit and his friends walked away, but their adversary pursued them. *Id.* Eventually Ranjit came face-to-face with this person about 10 feet from the bottom of the Old Post Office Pavilion's steps. *Id.* The man

then stabbed Ranjit in the chest, inflicting a mortal wound to Ranjit's heart.  Ranjit was taken to George Washington University Hospital where he was pronounced dead at 3:20 a.m. on March 27, 2005.  *Id.*

        In February 2006 Plaintiffs filed this lawsuit in D.C. Superior Court, naming the South Asian Society, George Washington University, and an unknown "Doe" security company as Defendants.  The original Defendants removed the case to this Court in March 2006.  Since then, Plaintiffs have amended the complaint twice to add causes of action and defendants — including the United States, which owns the Old Post Office Pavilion through its General Services Administration ("GSA").  The Second Amended Complaint ("the Complaint") now asserts three causes of action against the United States: negligence (Count One); negligent selection, retention, and supervision of security providers (Count Two); and wrongful death (Count Four).[1]  Compl. ¶¶ 15-21, 26-28.  On March 5, 2007, the United States moved to dismiss the Complaint for lack of jurisdiction and failure to state a claim.  That motion has been fully briefed and is now ripe for decision.

## II. LEGAL STANDARDS

### A.    Rule 12(b)(1).

        Under Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the Court possesses jurisdiction.  *See Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002); *Pitney Bowes Inc. v. U.S. Postal Serv.*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998).  Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  Because

---

[1] Count Three (breach of contract) is not asserted against the United States.  Compl. ¶¶ 22-25.

"subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)). It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set forth in the complaint, "but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005); *see Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 30-31 (D.D.C. 2001).

B.     **Rule 12(b)(6)**.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The district court must treat the complaint's factual allegations — including mixed questions of law and fact — as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003). The court need not, however, accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In deciding a 12(b)(6) motion, district courts may typically consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp.

2d 191, 196 (D.D.C. 2002) (citation omitted).  However, the court may, in its discretion, consider matters outside the pleadings and thereby convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56.  *See Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003).

### III.  ANALYSIS

The United States raises two arguments in support of its motion to dismiss.  First, it argues that the Court lacks subject matter jurisdiction under the FTCA because Plaintiffs' claims fall under two exceptions to FTCA's waiver of sovereign immunity.  Second, it argues that Plaintiffs' wrongful death and negligent selection claims are barred because Plaintiffs failed to exhaust their administrative remedies with respect to those claims.

### A.     Lack of Jurisdiction.

Plaintiffs assert two theories of negligence against the United States: (1) that the failure to post guards at all the Old Post Office Pavilion's exits was negligent because there was a history of violence at the Bhangra Blowout; and (2) that the United States's selection and supervision of SecTek, a private company that provided security services at the Blowout, was negligent.  *See* Compl. ¶¶ 15-21.  It is well settled, of course, that the United States is immune from negligence suits unless it has expressly waived its sovereign immunity through an act of Congress.  *See, e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 474 (1994).  The FTCA contains a limited waiver of sovereign immunity with respect to suits for money damages against the United States based on "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  The FTCA contains an express exception to this

waiver of immunity, however, for claims "based upon the exercise or performance or the failure to perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).

The Supreme Court has established a two-part test for determining whether this discretionary function exception applies. *See United States v. Gaubert*, 499 U.S. 315, 322-23 (1991). First, the district court must determine whether any "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Id.* at 322 (internal quotation marks omitted).  If so, "the employee has no rightful option but to adhere to the directive," and the exception does not apply.  *Id.* (internal quotation marks omitted).  Second, assuming there is no statute, regulation, or policy and the "challenged conduct involves an element of judgment," the court must decide "whether th[e] judgment is of the kind that the discretionary function exception was designed to shield."  *Id.* (internal quotation marks omitted).  The exception's purpose is to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort."  *Id.* at 323 (internal quotation marks omitted).  It "marks the boundary between Congress'[s] willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals."  *United States v. S.A. Empresa de Viacao Area Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984).

The United States argues that Plaintiffs' negligence claims are barred under the discretionary function exception because security-related decisions necessarily involve public policy considerations that are within the discretion of government officials.  Def.'s Mem. of P. & A. In Support of Motion to Dismiss ("Def.'s Mem.") at 12-14.  The United States is correct that courts —

both in this Circuit and elsewhere — generally treat decisions regarding security measures at government buildings as matters of discretion that cannot form the basis for a claim under the FTCA. *See, e.g.*, *Macharia v. United States*, 334 F.3d 61, 65-66 (D.C. Cir. 2003) (holding that the FTCA's discretionary function exception applied to negligence claims arising from the 1998 terrorist bombing of the American embassy in Kenya); *Haygan v. United States*, 627 F. Supp. 749, 750 (D.D.C. 1986) ("[C]ourts have found providing building security a discretionary function."); *Turner v. United States*, 473 F. Supp. 317, 320 (D.D.C. 1979) ("The responsibility for determining and providing protective service in a GSA-maintained building" is a matter of discretion to be "made by GSA on a case-by-case basis"); *see also Fanoele v. United States*, 975 F. Supp. 1394, 1399-1400 (D. Kan. 1997) (holding that discretionary function exception barred claims based on shooting at federal building because GSA's general responsibility to provide security at federal buildings was a matter of discretion); *Attallah v. United States*, 758 F. Supp. 81, 91 (D.P.R. 1991) (dismissing claim that security measures at airport were inadequate based on the discretionary function exception).

Here, the decision about where to post security guards — regardless of whether that decision was negligent — is clearly the type of discretionary decision that Congress has exempted from the FTCA's waiver of sovereign immunity. *See, e.g.*, *Macharia*, 334 F.3d at 65-66. Similarly, the selection and supervision of security contractors falls in an area of discretion that is beyond this Court's jurisdiction. *See id.* But that only disposes of the second part of the discretionary function test. The United States could be held liable in tort for the failure to provide adequate security if the injury resulted from a government employee's failure to follow a specific, mandatory policy requiring a particular course of action. *See, e.g.*, *Fanoele*, 975 F. Supp at 1399-1400. For instance, if there were a strict policy that required security guards to be stationed at all exits, the discretionary

function exception may not apply. Plaintiffs therefore argue that they should be allowed to conduct discovery before responding to the United States's arguments that the Court lacks jurisdiction. *See* Pls.' Opp'n to the United States's Mot. to Dismiss the Second Am. Compl. ("Pls.' Opp'n") at 4-8.

In response to Plaintiffs' request for discovery, the United States argues that Plaintiffs have not asserted even a colorable basis for jurisdiction that might justify discovery. Specifically, Plaintiffs nowhere allege — or even suggest — that there is a mandatory policy regarding guards at the Old Post Office Pavilion's exits. Def.'s Reply at 7-8. In fact, the United States submitted an affidavit from Paul D. Constable, an officer with the Federal Protective Services, in which Mr. Constable states that there is no policy regarding the posting of security guards at the exits to the Old Post Office Pavilion. *See* Constable Decl. ¶¶ 4-6. Nor do Plaintiffs allege that the United States violated some policy when it selected SecTek to provide security for the Bhangra Blowout after-party. Def.'s Reply at 8. The United States argues that the request for discovery is groundless when Plaintiffs have failed to make these essential allegations. *See id.*

Although the United States argues persuasively that the discretionary function exception applies, the D.C. Circuit has made it clear that plaintiffs must be afforded an opportunity to conduct jurisdictional discovery before the district court dismisses a claim for lack of jurisdiction under the FTCA. *See Ignatiev v. United States*, 238 F.3d 464, 466-67 (D.C. Cir. 2001). In *Ignatiev*, the plaintiff sued the Secret Service, which is statutorily required to provide security at foreign missions in Washington, after he was physically attacked and injured by unknown assailants at the Hungarian embassy in the District of Columbia. *Id.* at 465. The United States moved to dismiss for lack of jurisdiction under the discretionary function exception and the district court granted the motion. The D.C. Circuit reversed, holding that Rule 8's notice pleading standard does not allow

the district court to put a plaintiff who has obtained no discovery between the Scilla of pleading jurisdictional facts that are within the defendant's exclusive control and the Charybdis of Rule 11's requirement that factual allegations have evidentiary support. *Id.* at 466-67. When "internal guidelines can be an actionable source of a mandatory obligation under the FTCA, an agency cannot shield itself from liability simply by denying the allegations of a complaint." *Id.* at 467 (internal citation omitted); *see also id.* at 467 n.4. The plaintiff must be allowed limited jurisdictional discovery before a district court can dismiss for lack of jurisdiction. *See id.* at 467*; see also Loughlin v. United States*, 393 F.3d 155, 167 (D.C. Cir. 2004) ("[W]e [have] recognized that where 'facts [are] necessary to establish jurisdiction,' plaintiffs must be afforded the 'opportunity for discovery of [such] facts . . . prior to' the granting of a motion to dismiss for lack of subject matter jurisdiction.") (quoting *Igantiev*, 238 F.3d at 467 (first modification supplied)).

   The United States also argues that, even if Plaintiffs could show that the discretionary function exception does not apply because there was a mandatory policy regarding security, the Court lacks jurisdiction because the failure to follow that policy was attributable to an independent contractor, not to a government employee. *See* Def.'s Mem. at 7-11. As noted above, the FTCA waives sovereign immunity for torts committed by an "employee of the government" acting within the scope of his employment. An "employee of the government" is defined to include "officers or employees of any federal agency," and a "federal agency" is defined to include "the executive departments, . . . independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." 28 U.S.C. § 2671. Based on this definitional language, the Supreme Court formulated an "independent contractor exception" to the FTCA under which a contractor's

negligence may be imputed to the United States, and thus render the United States open to suit, only if the contractor's "day-to-day operations are supervised by the Federal Government." *United States v. Orleans*, 425 U.S. 807, 815 (1976). "A critical element in distinguishing an agency from a contractor is the power of the Federal Government to control the detailed physical performance of the contractor." *Id.* at 814 (internal quotation marks omitted).

Here, the United States argues that GSA has delegated all of its management authority at the Old Post Office Pavilion to Hill Partners, Inc., by way of a Property Management Agreement ("PMA") that was already in place when GSA purchased the Old Post Office Pavilion in 2001. Def.'s Mem. at 10-11. Similarly, the Department of Homeland Security and the Federal Protective Service contracted with SecTek in 2003 to provide security services at the Old Post Office Pavilion during its normal operating hours. *See id.* at 9-10. And under the terms of the PMA, Hill Partners contracted with SecTek to provide security at the Bhangra Blowout after-party. *See* Constable Decl. ¶ 5. Thus, the United States argues that decisions regarding security at the Blowout were made by independent contractors (Hill Partners and/or SecTek), not by a government agency and are therefore outside this Court's jurisdiction under the FTCA. *See* Def.'s Mem. at 10-11.

But this argument suffers from the same problem as the discretionary function argument — if Plaintiffs have the opportunity to conduct discovery, they may uncover facts which establish that Hill Partners or SecTek are not independent contractors. In other words, the Court finds the logic and holding of *Ignatiev* equally applicable to the independent contractor exception. *See Ignatiev*, 238 F.3d at 467; *see also Wood v. United States*, 115 F. Supp. 2d 9, 16 (D. Me. 2000) (denying the United States's motion to dismiss based on independent contractor exception in order to give the plaintiff an opportunity to conduct limited discovery on that issue); *Laurence v. United*

*States*, 851 F. Supp. 1445, 1448 (N.D. Cal. 1994) (noting in dictum that the court had initially denied the United States's motion to dismiss and had "allowed the parties to proceed with limited discovery on the issue of the applicability of the . . . independent contractor exception of the FTCA."); *cf. El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 676 (D.C. Cir. 1996) ("A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.").

Accordingly, the Court will deny the United States's motion to dismiss without prejudice and will allow Plaintiffs to conduct discovery limited to the following issues:

> 1.  Whether there was a mandatory policy regarding the placement of security guards at the exits of the Old Post Office Pavilion.
>
> 2.  Whether GSA exercised supervision over Hill Partners' day-to-day operations at the Old Post Office Pavilion.
>
> 3.  Whether DHS or FPS exercised supervision over SecTek's day-to-day operations at the Old Post Office Pavilion.

It should be clear from this Memorandum Opinion that Plaintiffs are strictly limited to discovery on these specific jurisdictional issues; Plaintiffs may not delve into discovery on the merits of their tort claims. For example, the United States's "knowledge of prior security problems at the [Old Post Office Pavilion] and any steps taken by it to address such problems," see Allen Affidavit ¶ 4, are irrelevant to the threshold jurisdictional question. The only issues subject to discovery are whether there was a mandatory policy regarding the placement of security guards and whether Hill Partners and/or SecTek were independent contractors. Once that discovery is complete, the United States may renew its motion to dismiss based on lack of subject matter jurisdiction (or move for summary judgment) — depending, of course, upon what discovery reveals.

-11-

B.     **Failure to Exhaust Administrative Remedies.**

The United States also argues that it is entitled to dismissal of Plaintiffs' personal claims, as well as their claim for negligent selection, based on Plaintiffs' failure to comply with the FTCA's presentment requirement. Def.'s Mem. at 14-16. Before a plaintiff can sue the United States under the FTCA, he must "have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied." 28 U.S.C. § 2675(a). This requirement is jurisdictional; a district court has no jurisdiction over claims that have not been exhausted. *See Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997). According to the United States, Plaintiffs' individual claims (as opposed to their representative claims on behalf of Ranjit Singh) are barred for failure to present them to GSA before filing this lawsuit. Def.'s Mem. at 15-16. The United States also argues that Count Two of the Complaint, which is based on the alleged negligent selection and supervision of SecTek, is barred because it too was not raised as part of the administrative claims process. *Id.* at 16.

The Complaint is somewhat vague about the capacity in which Plaintiffs bring this lawsuit. The Complaint's caption lists as Plaintiffs "Gurpal Singh, as Administrator Ad Prosequendum of decedent Ranjit Singh. And Gurpal Singh and Kulwinder Kaur as Parents of Ranjit Singh." The "Parties" section of the Complaint states that Gurpal Singh has been appointed administrator of his son's estate and he is therefore authorized "to bring this action on behalf of the Estate of Ranjit Singh." Compl. ¶ 2. But the "Parties" section says nothing about whether Gurpal Singh is suing on his own behalf, and it makes no mention at all of Kulwinder Kaur. Moreover, all four Counts in the Complaint refer to "plaintiff" (singular), see *id.* ¶¶ 15-28, and Kulwinder Kaur is mentioned by name only in Count Four, which is the claim for wrongful death, see *id.* ¶ 28. Thus,

-12-

reading the Complaint in the light most favorable to Plaintiffs, the Court concludes that the first three causes of action are survival claims brought by Gurpal Singh on behalf of Ranjit's estate, and only the final cause of action, wrongful death, is brought as a personal claim by Ranjit's parents.

In contrast to the Complaint, the administrative claim filed with GSA lists "Gurpal Singh (as rep of Ranjit Singh)" as the sole claimant; it makes no mention of Kulwinder Kaur. *See* Def.'s Mem. Ex. 6. The narrative description of the facts underlying the claim generally recounts the stabbing incident and states that "GSA is responsible for security practices on their [sic] property and was negligent." *Id.* In addition, the claim articulates the nature of the injury as follows: "Ranjit Singh, son of Gurpal Singh, was stabbed in his chest and died due to a severed left axillary artery"; it does not mention any injury to Gurpal Singh. *Id.* Thus, the United States argues, the administrative claim presented neither Plaintiffs' personal claims nor their negligent selection claim as required by 28 U.S.C. § 2675(a). Def.'s Mem. at 14-16.

Courts generally take a non-legalistic approach to the FTCA's presentment requirement and do not require a claimant to enumerate every potential cause of action or theory or liability: "'as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement.'" *Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (quoting *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000)). Plaintiffs' administrative claim clearly satisfies that standard with respect to the negligent selection cause of action — Count Two in the Complaint. The administrative claim made clear that Plaintiffs were alleging that the provision of security at the Bhangra Blowout after-party was negligent and, as a result, Ranjit was murdered. A claim that the

-13-

United States was negligent in selecting the company that actually provided the security follows naturally from that basic allegation. Accordingly, the Court will not dismiss Count Two based on a failure to exhaust administrative remedies.

Plaintiffs' wrongful death claim, which they bring not as representatives of Ranjit's estate but on behalf of themselves, presents a different question. Plaintiffs cite an unpublished decision from the Middle District of Florida in which the district court, on facts similar to those presented here, rejected the government's argument that the parents of an injured child had failed to provide in their administrative claim sufficient notice of their personal injures. *See Turner v. United States*, No. 03-709, 2005 WL 1027498, at *3-*4 (M.D. Fla. April 1, 2005). In that case, however, both parents specifically mentioned their own injuries ("medical expenses" and "loss of consortium") in the administrative claim, even though the claim was presented in the child's name. Here, by contract, Plaintiffs made no mention of their personal injuries. In fact, the administrative claim did not even mention Kulwinder Kaur. The Court cannot allow Ms. Kaur's claims to proceed under these circumstances because, even giving the administrative claim the most favorable reading possible, the United States never received notice of her claims as required by 28 U.S.C. § 2675.

Plaintiffs argue that they submitted the First Amended Complaint to GSA, thereby amending their administrative claim to include Ms. Kaur as a claimant. Pls.' Opp'n at 9. Although the letter enclosing the First Amended Complaint is undated, it is clear that the First Amended Complaint was sent to GSA long after this lawsuit was filed. *See* Def.'s Mem. Ex. 7. Since the purpose of the presentment requirement is to provide a Federal agency with notice of the claim *before* a lawsuit is filed against it, the Court rejects the notion that sending an amended complaint after the lawsuit has begun is sufficient to amend the administrative claim. Such a rule would

-14-

eviscerate the FTCA's presentment requirement altogether. Because GSA had no notice whatsoever of Ms. Kaur's claims before Plaintiffs filed suit, the Court lacks jurisdiction over her claims.

Gurpal Singh's personal claims may be perceived as a closer call. Plaintiffs argue that the law does not require a claimant to lay out all possible claims and theories of liability in order to satisfy § 2675. See Pls.' Opp'n at 10. That is a correct statement of the law as far as it goes. *See, e.g.*, *Brown v. United States*, 838 F.2d 1157, 1160 (11th Cir. 1988) ("The notice requirement does not require a claimant to enumerate each theory of liability in the claim."). But all the cases cited by Plaintiffs share one key fact: the administrative claim contained some indication, however vague, that the claimant would be pursuing both representative and personal claims. For example, Plaintiffs rely on *Emery v. United States*, 920 F. Supp. 788, 789 (W.D. Mich. 1996), in which the government moved to dismiss the loss of consortium claims filed by Amelia Emery — the wife of the tort victim, James Emery — because the administrative claim listed James Emery as the only claimant. The district court denied the government's motion to dismiss because, although the administrative claim did not list Amelia as a claimant, the narrative of the alleged injury mentioned her by name and stated that she "ha[d] suffered a loss of consortium, love and affection." *Id.* at 790-91. Here, there is no indication in the administrative claim that Gurpal Singh was seeking to advance a personal claim arising from his son's death. Even giving § 2675 the most liberal reading allowable under the law, the Court cannot find that he presented that claim to the United States in advance of this lawsuit. Accordingly, Count Four of the Complaint will be dismissed for failure to comply with 28 U.S.C. § 2675.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Count Four (wrongful death) against the United States for failure to comply with the FTCA's presentment requirement, 28 U.S.C. § 2675. The Court will deny without prejudice the motion to dismiss Counts One and Two under Rule 12(b)(1) because, under D.C. Circuit precedent, Plaintiffs must be given the opportunity to conduct jurisdictional discovery before the Court can dismiss for lack of jurisdiction based on exceptions to the FTCA's waiver of sovereign immunity.  That discovery, however, will be strictly limited to the three issues enumerated above.  A memorializing order accompanies this Memorandum Opinion.


Date: May 21, 2007                                    _____/s/_____
                                                      ROSEMARY M. COLLYER
                                                      United States District Judge