UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GURPAL SINGH, Administrator of decedent RANJIT SINGH )<br>)<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>SOUTH ASIAN SOCIETY )<br>OF THE GEORGE WASHINGTON )<br>UNIVERSITY, )<br>  et. al. )<br>)<br>Defendants. )<br>) | | Case No: 06-0574 (RMC) |

**RENEWED MOTION TO DISMISS**

Defendant United States of America respectfully renews its motion to dismiss this case pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6), which was filed on March 5, 2007 (Docket 62).

1. In a May 21, 2007, Memorandum Opinion, this Court denied the Defendant's motion to dismiss without prejudice and allowed Plaintiff to conduct limited discovery in three areas for jurisdictional purposes: 1) Whether there was a mandatory policy regarding the placement of security guards at the exits of the Old Post Office Pavilion; 2) Whether GSA exercised supervision over Hill Partners' day-to-day operations at the Old Post Office Pavilion; and 3) Whether DHS or FPS exercised supervision over SecTek's day-to-day operations at the Old Post Office Pavilion.

2. During this limited discovery period, Plaintiff, among other things, deposed individuals, obtained documents, and received responses to interrogatories. However, the information obtained did not adduce any evidence to suggest that there was a mandatory policy regarding the placement of security guards at the exits of the Old Post Office Pavilion, that GSA exercised supervision over Hill Partners' day-to-day operations at the Old Post Office Pavilion; nor that DHS or FPS exercised supervision over SecTek's day-to-day operations at the Old Post Office Pavilion. Accordingly, Defendant renews its motion to dismiss.

## STATEMENT OF SUPPORTING POINTS AND AUTHORITIES

Defendant renews its request that this Court dismiss this case with prejudice against the United States of America for the reasons stated in its motion to dismiss on March 5, 2007. As previously stated, this Court should dismiss the Complaint against the United States of America because 1) Hill Partners was an independent contractor and there was no alleged negligence by a federal government employee with regard to any security measures and decisions for the event, See United States v. Orleans, 425 U.S. 807, 815-16 (1976); Logue v. United States, 412 U.S. 521, 529-30 (1973); and see Cannon v. United States, 645 F.2d 1128, 1139-40 (D.C. 1981) and 2) security related decisions were left to Hill Partners' discretion in consultation with SecTek, Inc. See United States v. Gaubert, 499 U.S. 315, 323 (1991); Callahan v. United States, 329 F. Supp.2d 404, 407 (S.D. N.Y. 2004); Haygan v. United States, 627 F. Supp. 749 (D.D.C. 1986); Turner v. United States, 473 F. Supp. 317 (D.D.C. 1979).

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss should be granted, and Plaintiff's Complaint should be dismissed.

Dated: January 30, 2008

ECF

Respectfully submitted,

/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/_____
BLANCHE L. BRUCE
Assistant United States Attorney
555 Fourth Street, N.W.,
Washington, D.C. 20530
(202) 307-6078