# ATTACHMENT B

**Capital Reporting Company**

Page 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

------------------------------:

GURPAL SINGH, as Administrator

of decedent, RANJIT SINGH,

        Plaintiffs

     v.                    Civil Action

GEORGE WASHINGTON UNIVERSITY,    No. 060574

et al.,

        Defendants

------------------------------:

          Washington, D.C.

          Friday, November 30, 2007

Deposition of:

      PAUL D. CONSTABLE

called for oral examination by counsel for Plaintiffs, pursuant to notice, at the U.S. Attorney's Office, 501 Third Street, N.W., 4th Floor, Washington, D.C., 20530, before Patricia A. Edwards of Capital Reporting, a Notary Public in and for the District of Columbia, beginning at 10:07 a.m., when were present on behalf of the respective parties:

## Capital Reporting Company

2 (Pages 2 to 5)

### Page 2

APPEARANCES

On behalf of Plaintiffs:
  GEOFFREY D. ALLEN, ESQUIRE
  1730 Rhode Island Avenue, N.W.
  Suite 206
  Washington, D.C. 20036
  (202) 778-1167

On behalf of Defendant UNITED STATES:
  BLANCHE BRUCE, ESQUIRE
  Assistant U.S. Attorney
  U.S. Attorney's Office
  501 Third Street, N.W.
  4th Floor
  Washington, D.C. 20530
  (202) 514-9150

On behalf of Defendant DEPARTMENT OF HS ICE
  CHRIS GAFFNEY, ESQUIRE
  Agency Counsel
  425 I Street, N.W.
  Washington, D.C. 20001
  (202) 514-8262

### Page 3

APPEARANCES (CONT.)

On behalf of Defendant GEORGE WASHINGTON UNIVERSITY, present by telephone:
  TIMOTHY W. ROMBERGER, ESQUIRE
  1025 Connecticut Avenue, N.W.
  Suite 1000
  Washington, D.C. 20036
  (202) 828-1243

Also Present:
  Timothy C. Tozer

### Page 4

CONTENTS

EXAMINATION BY:                              PAGE
  Counsel for Plaintiffs                     4, 71
  Counsel for Defendants UNITED STATES       67

CONSTABLE DEPOSITION EXHIBITS:   *           PAGE
  1   Old Post Office Pavilion Floor Plan.   8

(*Exhibits attached to transcript)

### Page 5

PROCEEDINGS

WHEREUPON,
  PAUL D. CONSTABLE
called as a witness, and having been first duly sworn or affirmed, was examined and testified as follows:
  EXAMINATION BY COUNSEL FOR PLAINTIFFS
BY MR. ALLEN:
  Q   Good morning. Could you state your name for the record, please, sir?
  A   Yes, sir. My name is Paul Constable.
  Q   And, Mr. Constable, as you probably know, I'm plaintiff's counsel in this case. I'm here to ask you some questions today, mainly on jurisdictional issues.
  A   Yes, sir.
  Q   And if you don't understand any of my questions, you won't hurt my feelings if you ask me to rephrase. I'll be more than happy to do that. And if you want to take a break at any time, although this is not going to take long, please let me know. Of course, we

Page 70

1  declaration?
2  A   The company has its own supervisors
3  and managers that actually -- the guards
4  directly report to. I do not have supervisors
5  at that location, nor do I have police
6  officers at that location on a regular basis,
7  so, basically, those guards are reporting to
8  company supervisors and managers that actually
9  manage them.
10  Q   And the final sentence in paragraph
11  four reads, moreover, FPS does not have any
12  personnel on site at the Old Post Office
13  Pavilion. Explain that sentence which you
14  wrote?
15  A   We do not have a police substation
16  there, we do not have any police officers
17  there. The only thing that we would do for
18  that facility would be, like any facility, we
19  have patrol and incident response authority
20  over that location. But there is no
21  permanently placed police officers there or
22  any type of station for them to operate from.

Page 71

1  Q   And when you were asked earlier about
2  quality assurance inspections, training
3  oversight, and post audits, what is the FPS
4  role, once again?
5  A   It is strictly quality assurance and
6  oversight, like conducting inspections.
7  Q   And, sir, are you familiar with
8  whether there is a mandatory policy regarding
9  the placement of security guards at the exits
10  of the Old Post Office Pavilion?
11  A   I know of no policy or regulation that
12  requires the placement of security guards at
13  exits.
14  Q   And, sir, do you know whether DHS or
15  FPS exercise supervision over SecTek's day to
16  day operations at the Old Post Office
17  Pavilion?
18  A   Can you repeat that question?
19  Q   Whether DHS or FPS exercise
20  supervision over SecTek's day to day
21  operations at the Old Post Office Pavilion?
22  A   We do not do day to day supervision of

Page 72

1  SecTek.
2  Q   And do you have any knowledge whether
3  GSA exercised supervision over Hill Partners
4  day to day operations at the Old Post Office
5  Pavilion?
6  A   I have no knowledge or understand of
7  that question. I have no answer for that.
8  MS. BRUCE: I believe that's all the
9  questions I have.
10  MR. ALLEN: I have just a few follow-
11  up questions in light of those questions.
12  FURTHER EXAMINATION BY COUNSEL
13  FOR PLAINTIFFS
14  BY MR. ALLEN:
15  Q   You said that FPS does not exercise
16  day to day control over SecTek's operations at
17  the Old Post Office Pavilion; okay? And my
18  question is with respect to day to day
19  operations by SecTek in March 2005, do you
20  have any personal knowledge of the level of
21  supervision exercised by FPS? Personal
22  knowledge.

Page 73

1  A   I have no personal knowledge of the
2  operations in Washington, D.C. At the time, I
3  was in charge of Northern Virginia.
4  MR. ALLEN: Okay. Thank you. I have
5  no further questions.
6  MR. ROMBERGER: I just want to restate
7  my objection that I stated during Ms.
8  Willmann's deposition that we object to not
9  being allowed to participate in the
10  questioning and that's really all I have.
11  (Whereupon, in the presence of
12  respective counsel, the witness does not waive
13  reading and signing of the deposition.)
14  (Whereupon, at 11:28 a.m., the taking
15  of the deposition was concluded.)